556 So.2d 1052 (1990)
Terrance L. SHEFFIELD
v.
CITY OF PASS CHRISTIAN, Mississippi.
No. 07-58785.
Supreme Court of Mississippi.
February 7, 1990.
David P. Oliver, Gulfport, for appellant.
Warren L. Conway, Gulfport, for appellee.
En Banc.
PITTMAN, Justice, for the Court:
On April 24, 1986, Terrance L. Sheffield was charged in the Municipal Court of Pass Christian with driving under the influence of intoxicating liquor pursuant to Miss. Code Ann. § 63-11-30 (Supp. 1989). The city prosecutor of Pass Christian sought a pretrial ruling in Municipal Court concerning the admissibility of three prior DUI convictions and one conviction for driving while license suspended. The municipal judge ruled that these exhibits were inadmissible, as the city could not show that Sheffield had been represented by counsel or had knowingly and intelligently waived his right to counsel pursuant to these previous convictions. The city prosecutor then appealed this decision to the Circuit Court of Harrison County, which reversed. We affirm the judgment of the Circuit Court.
*1053 Miss. Code Ann. § 63-11-30 states in part:
(2)(b) Upon any second conviction of any person violating subsection (1) to this section, the offenses being committed within a period of five (5) years, such person shall be fined not less than four hundred dollars ($400.00) nor more than one thousand dollars ($1,000.00) and shall be imprisoned not less than forty-eight (48) consecutive hours nor more than one (1) year or sentenced to community service work for not less than ten (10) days nor more than one (1) year. Except as may be otherwise provided by paragraph (d) of this subsection, the commissioner of public safety shall suspend the driver's license of such person for two (2) years.
(c) For any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be fined not less than five hundred dollars ($500.00) nor more than one thousand dollars ($1,000.00) and shall be imprisoned not less than thirty (30) days nor more than one (1) year. Except as may be otherwise provided by paragraph (d) of this subsection, the commissioner of public safety shall suspend the driver's license of such person for three (3) years.
Sheffield relies on Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), in which the Supreme Court, in a plurality opinion, reversed a felony conviction which had been upgraded from a misdemeanor. The upgrading from misdemeanor to felony relied on prior constitutionally proper convictions, the convictions being at a time when the accused was not represented by counsel. Relying on United States v. Robles-Sandoval, 637 F.2d 692, 693 n. 1 (9th Cir.1981), the Circuit Court below found that "[t]he Court in Baldasar divided in such a way that no rule can said to have resulted." We agree with the Circuit Court in this finding. The prior convictions of Sheffield when he was without counsel were constitutionally valid in and of themselves, are also valid now for the purpose of enhancing punishment of Sheffield under Miss. Code Ann. § 63-11-30, and further they certainly could be considered for any lesser administrative sanctions included in the statutes, such as suspension of one's driver's license. Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). To find otherwise would have the illogical effect of penalizing those defendants that do obtain counsel in misdemeanor cases and of finding a prior constitutionally valid misdemeanor conviction is unconstitutional in certain future instances. We affirm the Circuit Court in its finding that Sheffield's prior convictions are admissible in the municipal court prosecution under consideration here.
A second point to be considered here is documentation concerning three of Terrance Sheffield's convictions in the record before this Court. None of them affirmatively show that Sheffield was represented by counsel, or that he made a knowing and intelligent waiver of the right to counsel. His separate convictions in the Gulfport Municipal Court for both DUI and speeding are blank in the spaces reserved for "Attorney For Defendant". The question of how representation by counsel or waiver of right of counsel may be shown has been considered by the Court of Appeals of Kentucky in Ratliff v. Commonwealth, 719 S.W.2d 445 (Ky. Ct. App. 1986), when it stated the following:
The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. After the judgments of conviction are introduced, the burden shifts to the defendant to show any infringement of his rights or irregularity of procedure upon which he relies... . If the defendant presents evidence, through his testimony or other affirmative evidence, which refutes the presumption of regularity, the burden falls to the Commonwealth to prove that the underlying judgments were entered in a manner which did, in fact, protect the rights of the defendant. A silent record simply will not suffice.
Ratliff, 719 S.W.2d at 451.
Under this standard, a conviction which had no reference to counsel would have a *1054 presumption of regularity. The defendant could then present evidence through affidavit, sworn pleading or testimony to rebut this presumption. If this procedure had been applicable in the case at bar, there would have been no presumption of counsel in the misdemeanor judgments, as the convictions affirmatively show that there had been no representation by counsel. The State would then have had to prove beyond a reasonable doubt that the defendant's rights were protected during the course of the conviction in question. Gavin v. State, 473 So.2d 952 (Miss. 1985); Bandy v. State, 495 So.2d 486 (Miss. 1986). Such a procedure would be applicable to convictions involving felonies as well as misdemeanors, and would provide some measure of guidance to the State and defendants. The judgment of the Circuit Court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ANDERSON and BLASS, JJ., concur.
ROBERTSON, PRATHER and SULLIVAN, JJ., dissent by separate written opinion.
ROBERTSON, Justice, dissenting:

I.
It seems settled law that the state has no authority that a man be imprisoned unless he has had or waived counsel incident to the prosecution. Unless I am missing something, it follows that an uncounseled conviction, upon which the State could impose no sentence of imprisonment when entered, may not become the sole reason for imprisonment later. Unlike a fine wine, an uncounseled conviction acquires no enhanced power or effect with the passage of time. More specifically, such a conviction may not, when later considered under an enhanced punishment recidivism statute, undergird a sentence of imprisonment in excess of that authorized absent the prior uncounseled conviction. I think the Municipal Court of Pass Christian has it right and I would uphold its view.

II.
On or about the 24th day of April, 1986, Terrance L. Sheffield was charged in the Municipal Court of Pass Christian with Driving Under the Influence of Intoxicating Liquors, Miss. Code Ann. § 63-11-30 (Supp. 1989), and driving while license suspended under implied consent law. Sheffield has three prior DUI convictions, to-wit: (a) on April 6, 1983, (b) on May 9, 1984, and (c) on January 27, 1986, and the question is whether these prior convictions may be used to enhance Sheffield's sentence.
The Municipal Court held that the convictions could not be so used, on grounds the record thereof failed affirmatively to reflect that Sheffield had  or had waived  counsel incident to each. The City of Pass Christian appealed to the Circuit Court of Harrison County, which reversed. Sheffield now appeals to this Court.
Mississippi law requires that any person suffering a second DUI conviction be imprisoned for not less than forty-eight hours, in addition to other penalties, and that upon a third and any subsequent DUI conviction be imprisoned for not less than thirty days, in addition to other penalties. The opinion of the Court recites the statute.

III.

A.
The Constitution commands "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. Amend VI. Gideon v. Wainwright held that an indigent has the guarantee of counsel in criminal proceedings as "fundamental and essential to a fair trial." 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799 (1963). Argersinger v. Hamlin held that "no person may be imprisoned for any offense ... unless he was represented by counsel at his trial." 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). In Scott v. Illinois the Supreme Court "[c]onclude[d] ... that Argersinger did indeed delimit the constitutional right to appointed *1055 counsel in state criminal proceedings" and "adopt[ed] ... actual imprisonment as the line defining the constitutional right to appointment of counsel." 440 U.S. 367, 373, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979).
If an accused may not be imprisoned upon conviction of a misdemeanor without benefit of counsel, it would seem to follow that an uncounseled misdemeanor conviction may not later be grounds for imprisonment under an enhanced punishment statute. In Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), the Supreme Court addressed this issue. Thomas Baldasar was convicted of misdemeanor theft at which proceedings he was not represented by counsel, nor did he formally waive his right to counsel. His sentence was a $159.00 fine and one year probation. Thereafter, Baldasar was arrested for stealing a $29.00 shower head from a department store. At the subsequent trial the prosecution introduced Mr. Baldasar's prior misdemeanor conviction and asked that he be punished under the Illinois enhancement statute as a felon. The jury returned a guilty verdict on the felony charge and he received a one to three year prison sentence. The Supreme Court granted certiorari, reversed and remanded.
Although no one opinion commanded the assent of five Justices, the effect of Baldasar is to prohibit an increased prison term under an enhanced penalty provision when it is based upon a prior uncounseled misdemeanor conviction. When a prison term is increased under an enhanced penalty provision, the prior uncounseled conviction has caused the actual deprivation of the defendant's liberty, an effect proscribed by Argersinger and Scott. There could be no additional imprisonment but for the prior conviction. The uncounseled misdemeanor conviction has no constitutional power to cause imprisonment, then or ever. This is not to say that the prior convictions are not valid. They may have many other effects. The point is that such convictions were never valid as predicates to imprisonment, as Argersinger and progeny expressly hold.
Other states have considered the question. The Court of Appeals of Virginia reversed the conviction of a defendant sentenced to three months in jail and a $1,000.00 fine for his third DUI offense on the grounds it was error to base the enhancement of punishment on two prior uncounseled DUI convictions. Sargent v. Commonwealth, 5 Va. App. 143, 360 S.E.2d 895 (1987). The Virginia Court decided that Baldasar "held that prior uncounseled conviction cannot be used to enhance punishment in a criminal case." It culminates development of the law commenced in Gideon which held that under the Sixth and Fourteenth Amendments the right to assistance of counsel is fundamental to a fair trial ... [T]he collateral consequences of an uncounseled misdemeanor conviction resulting in the loss of liberty and imprisonment in a criminal case was infirm. Sargent, 360 S.E.2d at 900.
A number of other states have similarly held that uncounseled misdemeanor convictions for driving under the influence of intoxicants cannot be used to enhance punishment to mandatory imprisonment as a subsequent DUI offender: See, e.g., Pananen v. State, 711 P.2d 528 (Alaska Ct. App. 1985); Lovell v. State, 283 Ark. 425, 678 S.W.2d 318 (1984); State v. Priest, 239 Kan. 681, 722 P.2d 576 (1986); Ratliff v. Commonwealth, 719 S.W.2d 445 (Ky. Ct. App. 1986); State v. Wiggins, 399 So.2d 206 (La. 1981); State v. Orr, 375 N.W.2d 171 (N.D. 1985).
In State v. Ulibarri, 96 N.M. 511, 632 P.2d 746 (1981), the Court of Appeals of New Mexico approached the issue in the context of a defendant convicted of operating a motor vehicle while under the influence of intoxicating liquor and sentenced as a second offender to nine months and a $500.00 fine. The trial court had ruled that Baldasar was inapplicable because the enhancement was not from a misdemeanor to a felony.
We read Baldasar to mean that even if the enhanced offense is a misdemeanor with a light penalty, an accused may not be sentenced to serve a term of imprisonment unless he was afforded the benefit *1056 of assistance of counsel in the prior as well as the predicate offense. All instances where an enhancement follows a prior offense in which the defendant did not have the assistance of counsel in his defense are controlled by Baldasar. The fact of the prison term and not the gravity of the offense is the controlling criterion.
632 P.2d at 747-48.

B.
There is a procedural question of importance to whether Sheffield may enjoy the benefit of these views. The Circuit Court held Sheffield has failed to prove he was without counsel on his three prior convictions. The record reflects:
(a) The abstract of Sheffield's April 6, 1983, DUI conviction in the Municipal Court of the City of Gulfport, lists under the heading "Prosecuting Attorney" the name "D.W. Hersey". There is a heading labeled "Attorney for Defendant" followed by three blank spaces. No names appear.
(b) The abstract of Sheffield's May 9, 1984, DUI conviction in the same court lists under the heading "Prosecuting Attorney" the name "R.E. Chapman". Again, no name appears in the blanks under "Attorney for Defendant."
(c) The abstract of Sheffield's January 27, 1986, DUI conviction is on a different form. It reflects a Harrison County charge. There is no space for the names or prosecuting or defense attorneys. The record is simply silent on the question whether Sheffield had an attorney.
Our question concerns the effect of a silent record. Burgett v. Texas, 389 U.S. 109, 114, 88 S.Ct. 258, 261, 19 L.Ed.2d 319 (1967) holds "[P]resuming waiver of counsel from a silent record is impermissible." "The record must show that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) requires the record of a prior conviction obtained by a plea to state a finding of knowing and intelligent waiver of the constitutional right against self-incrimination, to trial by jury and to confront witnesses. The Circuit Court finds that Boykin is limited to felony convictions. There is no more basis in the law for this than there is a view that the right to counsel is limited to felony cases, a proposition laid to rest by Argersinger and progeny. See generally Taylor v. State, 285 So.2d 172, 174-75 (Miss. 1973); Stewart v. State, 229 So.2d 53, 57 (Miss. 1969); Alexander v. State, 226 So.2d 905, 909-10 (Miss. 1969).
For these reasons, I would reverse the judgment of the Circuit Court and reinstate the Order of the Municipal Court of the City of Pass Christian.
PRATHER and SULLIVAN, JJ., join in this opinion.