## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 92-CA-00512-SCT

*STATE OF MISSISSIPPI, DEPARTMENT OF PUBLIC SAFETY, JIM INGRAM, COMMISSIONER OF PUBLIC SAFETY*

*v.*

*BERNA JEAN PRINE*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/21/92 |
| TRIAL JUDGE: | HON. MICHAEL RAY EUBANKS, JR. |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM H. MAGNUSEN, JR. |
| ATTORNEY FOR APPELLEE: | SCOTT PHILLIPS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 3/14/96 |
| MOTION FOR REHEARING FILED: | 3/21/96 |
| MANDATE ISSUED: | 1/30/97 |

### BEFORE PRATHER, P.J., PITTMAN AND BANKS, JJ.

### PRATHER, PRESIDING JUSTICE, FOR THE COURT:

### INTRODUCTION

¶1. This case calls upon us to interpret multiple offender driver's license suspension statutes. This Court finds that the hardship statutes allow suspension periods to run concurrently and that the circuit court has jurisdiction to determine such matters.

### I. FACTS AND PROCEDURAL HISTORY

¶2. Berna Jean Prine is a multiple offender of Miss. Code Ann. § 63-11-30 (Supp. 1983). As a result of convictions on these offenses, Prine's driver's license was suspended by the Department of Public Safety [hereinafter "Department"]. The Department computed the period of suspension by adding the suspension periods set forth in Miss. Code Ann. § 63-11-30 (Supp. 1983) for each of Prine's offenses, to wit: two years for his second offense, plus three years for his third offense, plus three years for a subsequent offense and running the separate periods consecutively to November 28, 1993. Prior to the time he was eligible for reinstatement of his license, Prine filed a petition against the Department for reduction of period of suspension with the Circuit Court of Marion County, claiming his license suspension constituted a hardship. The following month, Prine requested a default for failure of the Department to file an answer, which

spurred the Department to answer the petition and file a motion to dismiss, claiming Prine was not entitled to judicial review of his suspension.

¶3. Following a hearing, the circuit court entered an order which states that the court has jurisdiction over the subject matter; that Prine's motion for default is denied; that no hardship reduction is available to Prine because he is not a first time offender; that there is no statutory authority for the Department to "stack" or order consecutive periods of suspension; that Prine's most recent violation of Miss. Code Ann. § 63-11-30 carried a six month suspension;[1] and that Prine's license should be reinstated after the expiration of this six month suspension. The Department subsequently filed a motion to set aside judgment, asserting, inter alia, that the circuit court lacked subject matter jurisdiction, and Prine should not be eligible for reinstatement until November 28, 1993, or upon certification of completion of an in-depth diagnostic assessment and completion of treatment. Prine responded to this motion and a hearing date was set.

¶4. Following a hearing on the motion to set aside judgment, the circuit court entered an order denying the Department's motion. The order further states that suspension periods set forth pursuant to § 63-11-30 should be concurrent, rather than consecutive, for multiple offenders of the statute and this interpretation mandates reinstatement of Prine's license, upon payment of the required fee, following expiration of his most recent six month suspension. The order also specifies that if Prine accepted reinstatement, the remaining period of suspension as calculated by the Department will be tolled until the case is decided by the Supreme Court of Mississippi.

¶5. From this final order the Department appeals, raising the following issues:

> A. WHETHER THE CIRCUIT ERRED IN ITS DETERMINATION THAT THE SUSPENSION PERIODS SET FORTH IN MISS. CODE ANN. § 63-11-30 ARE TO BE APPLIED CONCURRENTLY IN CASES OF MULTIPLE OFFENDERS; AND

> B. WHETHER THE CIRCUIT COURT ERRED IN ITS DETERMINATION THAT IT HAD SUBJECT MATTER JURISDICTION TO HEAR AN APPEAL OF LICENSE SUSPENSION FOR VIOLATIONS OF MISS. CODE ANN. § 63-11-30?

## II. THE LAW

¶6. Prine's punishment is determined by how we interpret the following statutes as they existed when he was found in violation. Miss. Code Ann. § 63-11-30 (Supp. 1987) provides:

> (2) (a) Upon conviction of any person for the first offense of violating subsection (1) of this section . . . such person shall be fined . . . or imprisoned . . . and . . . attend and complete an alcohol safety education program . . . . In addition, the department of public safety, the commissioner of public safety or his duly authorized agent shall, after conviction and upon receipt of the court abstract, suspend the driver's license and driving privileges of such person until such person attends and successfully completes an alcohol safety education program as herein provided or for a period of ninety (90) days, whichever is greater; provided, however, in no event shall such period of suspension exceed one (1) year.

> (b) Upon any second conviction of any person violating subsection (1) to this section, the offenses being committed within a period of five (5) years, such person shall be fined . . . and shall be imprisoned . . . . Except as may be otherwise provided by paragraph (d) of this subsection, the

commissioner of public safety shall suspend the driver's license of such person for two (2) years.

(c) For any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be fined . . . and shall be imprisoned . . . . Except as may be otherwise provided by paragraph (d) of this subsection, the commissioner of public safety shall suspend the driver's license of such person for three (3) years.

(d) Any person convicted of a second or subsequent violation of subsection (1) of this section, may have the period that his driver's license is suspended reduced if such person receives an in-depth diagnostic assessment . . . and successfully completes treatment for his alcohol and/or drug abuse problem . . . . Such person shall be eligible for reinstatement of his driving privileges upon the successful completion of such treatment or a period of one (1) year after such person's driver's license is suspended, whichever is greater.

(3) Every person convicted of operating a vehicle while under the influence of intoxicating liquor . . . where the person (a) refused a law enforcement officer's request to submit to a chemical test of his breath as provided in this chapter . . . shall be fined . . . or may be imprisoned . . . .

Also, the commissioner of public safety or his authorized agent shall suspend the driver's license or permit to drive . . . as provided for first, second and third or subsequent offenders in subsection (2) of this section. Such suspension shall be in addition to any suspension imposed pursuant to subsection (1) of section 63-11-23.

¶7. Also pertinent to this discussion is Miss. Code Ann. § 63-11-40 (Supp. 1987), which reads:

Any person whose driver's license . . . has been . . . suspended or revoked under the provisions of this chapter and who drives any motor vehicle upon the highways, streets or public roads of this state, while such license . . . is . . . suspended . . . shall be punished by imprisonment . . . and fined . . . .

The commissioner of public safety shall suspend the driver's license or driving privilege of any person convicted under the provisions of this section for an additional six (6) months. Such suspension shall begin at the end of the original cancellation, suspension or revocation and run consecutively.

¶8. In *State v. Martin,* 495 So. 2d 501, 502 (Miss. 1986), this Court said:

Operation of a motor vehicle is no longer a luxury or mere leisure activity for the members of our society. For great many it is an absolute necessity, one's livelihood and one's ability to support oneself and family often depending upon it. While no member of this Court doubts the necessity of effective action to reduce the carnage incident upon drunk driving, we regard any statute for suspension or revocation of driving privileges as penal in nature and effect. Such statutes should be construed strictly though reasonably against infliction of the penalty.

Moreover, "the only credible source of legislative intent available" is the wording of the statutes. *Mississippi State Highway Com'n v. Herban,* 522 So. 2d 210, 213 (Miss. 1988).

¶9. Miss. Code Ann. § 63-11-30(2) (Supp. 1987) does not specifically provide that suspensions of a driver's license are to run consecutively. However, in the same chapter, at Miss. Code Ann. § 63-11-40 (Supp. 1987), the Legislature specifically stated that a suspension would be consecutive. Clearly, the

Legislature is aware of the wording necessary to insure consecutive application of suspensions. The circuit court was correct; this Court affirms the trial court's statutory interpretation that Section 63-11-30 provides for concurrent sentences only for multiple offenses. In other words, as we read the statute, the time of suspension begins to run when the commissioner receives the abstract of the judgment and issues the order of suspension regardless of whether some other period of suspension is also running. The progressive sanction goal of the statute is not deserved by the fact that some or all of the previously imposed sanction might be rendered of no substantial effect because the subsequent offense results in suspension during the same period. The subsequent sanction still lengthens the total period of suspension.

¶10. Prine petitioned the circuit court for a reduction of his term of suspension pursuant to Miss. Code Ann. § 63-11-30(2)(a). He asserted hardship and claimed he had attended and completed a Georgia Department of Public Safety Driver Improvement Clinic, Alcohol Course, Level II. While Prine relies on Miss. Code Ann. § 63-11-25 (Supp. 1987) to support his position that the circuit court has subject matter jurisdiction, this statute misses the mark. First, this section was no longer in effect when Prine filed his petition and no counterpart appears in the 1991 supplement. Second, this section applied only to the Department's decision to suspend a license when said license was suspended pursuant to Miss. Code Ann. § 63-11-23 (Supp. 1987); Miss. Code Ann § 63-11-23 gave the Department discretion in whether to suspend a license after a driver had refused to submit to a breath test.

¶11. In effect at the time of Prine's suspension was Miss. Code Ann. § 63-11-37(2) (Supp. 1987), which provides:

> (2) The county court or circuit court having jurisdiction may, in its discretion, on petition, reduce the period of revocation or suspension of license as provided in Section 63-11-30 to a period of not less than forty-five (45) days *in first offender hardship cases* . . . .

Miss. Code Ann. § 63-11-37(2) (Supp. 1987)(emphasis added). However, Miss. Code Ann. § 63-11-30(2)(a) (Supp. 1991), which was in effect *at the time Prine filed his petition*, reads:

> (2)(a) Upon conviction of any person for the *first offense* of violating subsection (1) of this section . . . such person shall be fined . . . or imprisoned . . . . In addition, the Department of Public Safety, the Commissioner of Public Safety or his duly authorized agent shall . . . suspend the driver's license and driving privileges of such person . . . however, *in no event shall such period of suspension exceed one (1) year.*

> The county court or circuit court having jurisdiction, on petition, may reduce the suspension of driving privileges under Section 63-11-30 if the denial of which would constitute a hardship on the offender. Provided, however, no court may issue such an order reducing the suspension of driving privileges under this subsection until thirty (30) days have elapsed from the effective date of the suspension. When the petition is filed, such person shall pay to the circuit clerk of the court where the petition is filed a fee of Twenty Dollars ($20.00) *for each year, or portion thereof, of license revocation or suspension remaining under the original sentence*, which shall be deposited into the State General Fund to the credit of a special fund hereby created in the State Treasury to be used for alcohol or drug abuse treatment and education, upon appropriation by the Legislature. This fee shall be in addition to any other court costs or fees required for the filing of petitions.

> Each petition filed under the provisions of this subsection shall contain the specific facts which the

petitioner alleges to constitute a hardship and the driver's license number of the petitioner.

[Emphasis added]

¶12. Although this subsection begins by addressing first offenders, the paragraphs referring to petitions for reduction of suspension periods appear to contemplate second or subsequent offenders, given that the suspension for first time offenders may not exceed one year and the reduction requires payment of $20.00 for *each year*, or portion thereof, remaining under the original suspension. Miss. Code Ann. § 63-11-30(2)(a) (Supp. 1991) (emphasis added).

¶13. Also in effect at the time Prine filed his petition was Miss. Code Ann. § 63-11-30 (2)(f) (Supp. 1991), [2] which reads:

> (f) Any person convicted of a ***third or subsequent violation*** of subsection (1) of this section may enter an alcohol and/or drug abuse program approved by the Department of Mental Health for treatment of such person's alcohol and/or drug abuse problem. If such person successfully completes such treatment, such person shall be eligible for reinstatement of his driving privileges after a period of three (3) years after such person's driver's license is suspended.

Miss. Code Ann. § 63-11-30(2)(f) (Supp. 1991) (emphasis added).

¶14. Prine's petition claimed hardship and asserted that he had completed an alcohol course, which may or may not be a "treatment" approved by the Department of Mental Health. In this posture, the circuit court had subject matter jurisdiction over Prine's petition for reduction of suspension.

¶15. The Department raises § 63-11-26 (Supp. 1987), which had been repealed but not replaced at the time Prine filed his petition:

> When the commissioner of public safety, or his authorized agent, shall suspend the driver's license or permit to drive of a person or shall deny the issuance of a license or permit to a person as provided in section 63-1-30, the person shall not be entitled to any judicial review of or appeal from the actions of the commissioner. A final conviction under said section shall finally adjudicate the privilege of such convicted person to operate a motor vehicle upon the public highways, public roads and streets of this state.

¶16. The Department claims this section specifically excludes from the circuit court's jurisdiction appeals of license suspensions. Even if this section had still been in effect when Prine filed his petition, it would have prevented an appeal of the Department's suspension but would not have prevented a petition of reduction pursuant to § 63-11-30(2)(a) (Supp. 1991). Therefore, the circuit court exercised appropriate subject matter jurisdiction.

### III. CONCLUSION

¶17. It appears that the circuit court was correct in its determination that suspension periods pursuant to Miss. Code Ann. § 63-11-30 (2) (Supp. 1987) should run concurrently rather than consecutively. While in another section of the same chapter the Legislature specifically provided for consecutive periods of suspension, they failed to do so in § 63-11-30(2). Further, the circuit court does have jurisdiction to entertain petitions for reduction of suspension. Accordingly, this Court affirms.

¶18. **JUDGMENT IS AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS AND MILLS, JJ., CONCUR. SMITH, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS, J. McRAE, J., NOT PARTICIPATING.**

### SMITH, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:

¶19. The majority is correct in affirming the lower court's denial of Prine's requested reduction of the period of time of his suspended driver's license for hardship purposes. Prine had been convicted of multiple offenses (four DUI's) under the Implied Consent Statutes and thus was not eligible for hardship consideration. Hardship reductions are only available for a first time DUI offender. It is with the majority's affirmance of the lower court's denial of administrative "stacking" of the drivers license suspension periods for implied consent convictions that I must part company.

¶20. Prine's driver's license had been suspended for four separate offenses and the suspension periods "stacked" with an eligibility date of reinstatement on November 23, 1993. On August 12, 1991, Prine filed a Petition for Reduction of Suspension of Driving Privileges under Miss. Code Ann. § 63-11-30(2)(a) (1972 as amended). Prine's sole allegation in his petition was that the denial of a reduction "would constitute a *hardship* on the petitioner," because he needed his license for employment purposes. Prine's petition is totally devoid of any suggestion that the Department of Public Safety had incorrectly and without authority "stacked" periods of suspensions. Even Prine, in his petition, acknowledged that he would be eligible for reinstatement of driving privileges on November 23, 1993. Prine never appealed the administrative decision of the commission.

¶21. The lower court in addition to finding that Prine was a third or subsequent offender thus ineligible for hardship consideration, also found that the maximum suspension period was three years and that "there was no statutory authority for consecutive or "stacked" periods of suspensions." The judge ordered that Prine's driver's license be reinstated after January 26, 1992, but before February 1, 1992. I agree with the State's view that the judge lacked jurisdiction on this issue not raised by Prine.

¶22. The majority's view absolutely negates legislative intent of increased severity of punishment for multiple implied consent violations. Miss. Code Ann. § 63-11-30 has been amended four times since 1981 and the severity of the criminal penalties have increased with each amendment. The majority also allows for the possibility that a person such as Prine with multiple DUI's could avoid having his driving privileges suspended for any of the DUI's except for his last conviction.

¶23. The majority fails to recognize that the penalty guidelines set forth in Miss. Code Ann. § 63-11-30 are both criminal as well as *administrative*. The criminal penalties are specifically for criminal sentencing by the trial court, whereas the civil penalties for suspension of driving privileges are mandates to the Commissioner of Public Safety. While a sentencing trial judge has discretion in imposing various fines and jail time so long as such is within the guidelines of the statute, the Commissioner after receipt of the trial court's abstract of conviction and sentence imposed, does not have any discretion. The Commissioner must suspend that

person's license for the statutorily mandated period of time. Upon each specific conviction of DUI there is a corresponding suspension period required by the statute as determined by the Legislature. Common sense application of the statute would dictate that consecutive "stacking" of suspensions are required to keep multiple DUI offenders like Prine from driving on our highways for longer periods of time in order to sufficiently protect the public.

¶24. Prine's actions fall under the statute as amended in 1983 as it existed in August of 1987. Miss. Code Ann. § 63-11-30 at that time mandated for a "first offense that the suspension period would not exceed one year. Upon any second conviction, the Commissioner *shall suspend* the driver's license for two years. Upon any third or subsequent conviction, the Commissioner *shall suspend* the driver's license of such person for three years." It is obvious that each separate suspension is distinct and based on a separate DUI criminal conviction. Prine had two DUI convictions prior to his August 6, 1986 third conviction for DUI in the City of Pascagoula. Prine was convicted of DUI again on July 10, 1987 in the City of Flowood. Clearly, there were four separate and distinct DUI convictions.

¶25. Imposing consecutive administrative suspension periods for separate DUI convictions is similar to enhanced punishment provisions under statutory criminal penalties. In criminal sentencing where separate convictions are at issue, if the trial judge fails to specify concurrent sentencing, under statute and case law the sentences run consecutively and not concurrently. ***Maycock v. Reed***, 328 So. 2d 349, 351-52 (Miss. 1976); *see **Tate v. State***, 455 So. 2d 1312 (Miss. 1984); *see also* Miss. Code Ann. § 99-19-21 (1972) (as amended). Enhancement provisions of the administrative sanctions of § 63-11-30 were provided by the Legislature to serve notice to repeat offenders that such repeated conduct would warrant mandated increased penalties in suspension of their driver's license.

¶26. This Court, recognized that administrative sanctions may also be enhanced in ***Sheffield v. City of Pass Christian***, 556 So. 2d 1052, 1053 (Miss. 1990). The Court held that prior convictions could be used not only to enhance the criminal penalties but also stated: *"and further they certainly could be considered for any lesser administrative sanctions included in the statutes, such as suspension of one's driver's license." **Id.*** at 1053 (emphasis added).

¶27. The circuit judge was concerned that "the guy [Prine] never had a chance to get his license." However, there is a clear mechanism available under Miss. Code Ann.§ 63-11-30 (2) (f) (Supp. 1991 as amended) which provides for multiple offenders to have their license suspension period reduced upon successful completion of an alcohol and/or drug abuse program *approved by the Department of Mental Health.* While it is true that Prine alleged that he had completed such a program in the State of Georgia in 1990, he offered no proof that the Georgia program had been approved by the Mississippi Department of Mental Health and the trial judge never made a finding of fact regarding whether or not this program complied with our statute. Therefore, it cannot serve as a basis for the lower court's decision. The majority claims this statute confers jurisdiction over Prine's petition for reduction, but in the process admits that the alcohol course Prine attended "may or may not be a 'treatment' approved by the Department of Mental Health." There is absolutely no proof of this in the record, nor any finding of fact or reliance upon this factor by the trial judge. Without proof that the Georgia course was approved by the Mississippi Department of Mental Heath, Miss. Code Ann. § 63-11-30(2)(f) cannot apply.

¶28. Finally, the majority writes that the Department of Public Safety's claim of lack of jurisdiction by the circuit court under Miss. Code Ann. § 63-11-26 (Supp. 1987) still would not have prevented the trial judge

from reducing the period of suspension pursuant to Miss. Code Ann. § 63-11-30(2)(a) (Supp. 1991). *Majority* at 8. The majority again fails to note that its reliance upon the highlighted language in the statute that "in no event shall such period of suspension exceed one (1) year" is clearly referring to when a person is convicted of a *first offense* DUI when a "hardship" provision may apply, as shown by the last paragraph of the subsection (2)(a) which reads:

> Each petition filed under the provisions of this subsection shall contain the specific facts which the petitioner alleges to constitute a hardship and the driver's license number of the petitioner.

The trial judge having found that Prine was not a first offender and the "hardship" provision could not apply, there is no escaping that the only possible remaining statutory scheme available to Prine would have been the succeeding paragraph in subsection (2)(f) which applies to third or subsequent violators. This subsection was not even argued, much less validated by proof of compliance with the Mississippi Department of Mental Health, and certainly was not relied upon by the trial court in reaching its decision to reduce Prine's driver's license suspension period. The trial court thus lacked jurisdiction to reduce Prine's suspension period.

¶29. The Legislature's purpose of enhancement penalties in the first place is to get the attention of drunken drivers before numerous and repeated offenses ultimately result in an innocent person's death. Concern that [Prine] "never had a chance to get his license" pales when compared to the record which reveals Prine's four DUI convictions. Should not the public have a chance to avoid Prine on the highways for a substantial period of time because of his continued irresponsibility in blatantly and repeatedly violating the DUI laws? Prine has demonstrated by his reckless and continued behavior that he not only doesn't need a drivers license, he doesn't deserve one either. Prine is indeed fortunate that the prosecutor didn't at some point after that third conviction decide to prosecute him for felony DUI. The public does not need to be repeatedly exposed to drivers like Prine. A better "chance to get his drivers license back" would be for Prine to stop drinking and driving and simply obey the law for a change. Of course for some drunk drivers like Prine, that might be a rather formidable task, hence his choice of the easier mechanism of claiming hardship in order to attempt to circumvent the system. Some people simply refuse to accept responsibility and accountability for their actions, much less the resulting consequences.

¶30. I respectfully dissent.

**ROBERTS, J., JOINS THIS OPINION.**

1. Driving under suspension for driving under the influence.

2. The corresponding subsection in effect at the time of Prine's suspension was Miss. Code Ann. § 63-11-30(2)(d) (Supp. 1987), which reads:

> (d) Any person convicted *of a second or subsequent violation* of subsection (1) of this section, may have the period that his driver's license is suspended reduced if such person receives an in-depth diagnostic assessment, and as a result of such assessment is determined to be in need of treatment of his alcohol and/or drug abuse problem and successfully completes treatment of his alcohol and/or drug abuse problem at a program site certified by the department of mental health. Such person shall be eligible for reinstatement of his driving privileges upon the successful completion of such treatment or a period of one (1) year after such person's driver's license is suspended, whichever is greater.

Each person who receives a diagnostic assessment shall pay a fee to defray a portion of the cost of such assessment. Each person who participates in a treatment program shall pay a fee to defray a portion of the cost of such treatment.

Miss. Code Ann. § 63-11-30(2)(d) (Supp. 1987) (emphasis added).