SMITH, Justice,
concurring in part and dissenting in part:
The majority is correct in affirming the lower court’s denial of Prine’s requested reduction of the period of time of his suspended driver’s license for hardship purposes. Prine had been convicted of multiple offenses (four DUI’s) under the Implied Consent Statutes and thus was not eligible for hardship consideration. Hardship reductions are only available for a first time DUI offender. It is with the majority’s affirmance of the lower court’s denial of administrative “stacking” of the drivers license suspension periods for implied consent convictions that I must part company.
Prine’s driver’s license had been suspended for four separate offenses and the suspension periods “stacked” with an eligibility date of reinstatement on November 23, 1993. On August 12,1991, Prine filed a Petition for Reduction of Suspension of Driving Privileges under Miss.Code Ann. § 63-ll-30(2)(a) (1972 as amended). Prine’s sole allegation in his petition was that the denial of a reduction “would constitute a hardship on the petitioner,” because he needed his license for employment purposes. Prine’s petition is totally devoid of any suggestion that the Department of Public Safety had incorrectly and without authority “stacked” periods of suspensions. Even Prine, in his petition, acknowledged that he would be eligible for reinstatement of driving privileges on November 23, 1993. Prine never appealed the administrative decision of the commission.
The lower court in addition to finding that Prine was a third or subsequent offender thus ineligible for hardship consideration, also found that the maximum suspension period was three years and that “there was no statutory authority for consecutive or “stacked” periods of suspensions.” The judge ordered that Prine’s driver’s license be reinstated after January 26, 1992, but before February 1, 1992. I agree with the State’s view that the judge lacked jurisdiction on this issue not raised by Prine.
The majority’s view absolutely negates legislative intent of increased severity of punishment for multiple implied consent violations. Miss.Code Ann. § 63-11-30 has been amended four times since 1981 and the severity of the criminal penalties have increased with each amendment. The majority also allows for the possibility that a person such as Prine with multiple DUI’s could avoid having his driving privileges suspended for any of the DUI’s except for his last conviction.
The majority fails to recognize that the penalty guidelines set forth in Miss.Code Ann. § 63-11-30 are both criminal as well as administrative. The criminal penalties are specifically for criminal sentencing by the trial court, whereas the civil penalties for suspension of driving privileges are mandates to the Commissioner of Public Safety. While a sentencing trial judge has discretion in imposing various fines and jail time so long as such is within the guidelines of the statute, the Commissioner after receipt of the trial court’s abstract of conviction and sentence imposed, does not have any discretion. The Commissioner must suspend that person’s license for the statutorily mandated period of time. Upon each specific conviction of DUI there is a corresponding suspension period required by the statute as determined by the Legislature. Common sense application of the statute would dictate that consecutive “stacking” of suspensions are required to keep multiple DUI offenders like Prine from driving on our highways for longer periods of time in order to sufficiently protect the public.
Prine’s actions fall under the statute as amended in 1983 as it existed in August of 1987. Miss.Code Ann. § 63-11-30 at that time mandated for a “first offense that the suspension period would not exceed one year. Upon any second conviction, the Commissioner shall suspend the driver’s license for two years. Upon any third or subsequent conviction, the Commissioner shall suspend the driver’s license of such person for three years.” It is obvious that each separate suspension is distinct and based on a separate DUI criminal conviction. Prine had two DUI convictions prior to his August 6, 1986 third conviction for DUI in the City of Pasca-goula. Prine was convicted of DUI again on July 10,1987 in the City of Flowood. Clearly, there were four separate and distinct DUI convictions.
*1122 Imposing consecutive administrative suspension periods for separate DUI convictions is similar to enhanced punishment provisions under statutory criminal penalties. In criminal sentencing where separate convictions are at issue, if the trial judge fails to specify concurrent sentencing, under statute and ease law the sentences run consecutively and not concurrently. Maycock v. Reed, 328 So.2d 349, 351-52 (Miss.1976); see Tate v. State, 455 So.2d 1312 (Miss.1984); see also Miss.Code Ann. § 99-19-21 (1972) (as amended). Enhancement provisions of the administrative sanctions of § 63-11-30 were provided by the Legislature to serve notice to repeat offenders that such repeated conduct would warrant mandated increased penalties in suspension of their driver’s license.
This Court, recognized that administrative sanctions may also be enhanced in Sheffield v. City of Pass Christian, 556 So.2d 1052, 1053 (Miss.1990). The Court held that prior convictions could be used not only to enhance the criminal penalties but also stated: “and further they certainly could he considered for any lesser administrative sanctions included in the statutes, such as suspension of one’s driver’s license. ” Id. at 1053 (emphasis added).
The circuit judge was concerned that “the guy [Prine] never had a chance to get his license.” However, there is a clear mechanism available under Miss.Code Ann. § 63-ll-30(2)(f) (Supp.1991 as amended) which provides for multiple offenders to have their license suspension period reduced upon successful completion of an alcohol and/or drug abuse program approved by the Department of Mental Health. While it is true that Prine alleged that he had completed such a program in the State of Georgia in 1990, he offered no proof that the Georgia program had been approved by the Mississippi Department of Mental Health and the trial judge never made a finding of fact regarding whether or not this program complied with our statute. Therefore, it cannot serve as a basis for the lower court’s decision. The majority claims this statute confers jurisdiction over Prine’s petition for reduction, but in the process admits that the alcohol course Prine attended “may or may not be a ‘treatment’ approved by the Department of Mental Health.” There is absolutely no proof of this in the record, nor any finding of fact or reliance upon this factor by the trial judge. Without proof that the Georgia course was approved by the Mississippi Department of Mental Health, Miss.Code Ann. § 63-11-30(2)(f) cannot apply.
Finally, the majority writes that the Department of Public Safety’s claim of lack of jurisdiction by the circuit court under Miss. Code Ann. § 63-11-26 (Supp.1987) still would not have prevented the trial judge from reducing the period of suspension pursuant to Miss.Code Ann. § 63-ll-30(2)(a) (Supp.1991). Majority at 1120. The majority again fails to note that its reliance upon the highlighted language in the statute that “in no event shall such period of suspension exceed one (1) year” is clearly referring to when a person is convicted of a first offense DUI when a “hardship” provision may apply, as shown by the last paragraph of the subsection (2)(a) which reads:
Each petition filed under the provisions of this subsection shall contain the specific facts which the petitioner alleges to constitute a hardship and the driver’s license number of the petitioner.
The trial judge having found that Prine was not a first offender and the “hardship” provision could not apply, there is no escaping that the only possible remaining statutory scheme available to Prine would have been the succeeding paragraph in subsection (2)(f) which applies to third or subsequent violators. This subsection was not even argued, much less validated by proof of compliance with the Mississippi Department of Mental Health, and certainly was not relied upon by the trial court in reaching its decision to reduce Prine’s driver’s license suspension period. The trial court thus lacked jurisdiction to reduce Prine’s suspension period.
The Legislature’s purpose of enhancement penalties in the first place is to get the attention of drunken drivers before numerous and repeated offenses ultimately result in an innocent person’s death. Concern that [Prine] “never had a chance to get his license” pales when compared to the record which reveals Prine’s four DUI convictions. *1123 Should not the public have a chance to avoid Prine on the highways for a substantial period of time because of his continued irresponsibility in blatantly and repeatedly violating the DUI laws? Prine has demonstrated by his reckless and continued behavior that he not only doesn’t need a drivers license, he doesn’t deserve one either. Prine is indeed fortunate that the prosecutor didn’t at some point after that third conviction decide to prosecute him for felony DUI. The public does not need to be repeatedly exposed to drivers like Prine. A better “chance to get his drivers license back” would be for Prine to stop drinking and driving and simply obey the law for a change. Of course for some drunk drivers like Prine, that might be a rather formidable task, hence his choice of the easier mechanism of claiming hardship in order to attempt to circumvent the system. Some people simply refuse to accept responsibility and accountability for their actions, much less the resulting consequences.
I respectfully dissent.
JAMES L. ROBERTS, Jr., J., joins this opinion.