744 So.2d 346 (1999)
Lonnie Lloyd CONN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01000-COA.
Court of Appeals of Mississippi.
June 22, 1999.
*347 Paul R. Scott, Hernando, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred, III, Attorney for Appellee.
BEFORE KING, P.J., COLEMAN, PAYNE, AND THOMAS, JJ.
KING, P.J., for the Court:
¶ 1. Lonnie Lloyd Conn was convicted of felony driving under the influence of alcohol and sentenced to serve a term of five years with four years and six months suspended in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Conn has appealed and assigned two errors. This Court quotes these errors verbatim:
I. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE THE PRIOR CONVICTION OF THE DEFENDANT DATED JANUARY 25, 1995, WHERE THE DEFENDANT WAS NOT REPRESENTED BY COUNSEL AND DID NOT KNOWINGLY WAIVE HIS RIGHT TO COUNSEL.
II. THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 2. Finding no error, this Court affirms the circuit court judgment.

FACTS
¶ 3. On June 22, 1997, several patrol units of the Horn Lake Police Department were dispatched to a domestic violence call at Conn's residence. As Lieutenant Lynn Brown of the Horn Lake Police Department approached the residence in his patrol car, Conn drove his car past the officer. Lieutenant Brown turned his car around and activated his blue lights.
¶ 4. Noticing the officer's lights, Conn stopped his car. Both men exited their vehicles. According to Lieutenant Brown, as Conn walked toward him, a twelve ounce can of beer fell from Conn's vehicle to the ground. Lieutenant Brown stated to Conn that he knew his license was suspended. Conn responded that he was aware that he was not supposed to be driving with a suspended license and that he had had too much to drink. Lieutenant Brown noticed that Conn staggered as he walked and had a strong odor of alcohol and slurred speech.
¶ 5. Lieutenant Brown took Conn into custody and transported him to the Horn Lake Police Department. While at the police station, Conn refused to take the intoxilizer breath test. He was thereafter charged with his third offense of driving under the influence of intoxicants.
¶ 6. Conn was subsequently indicted for felony driving under the influence. A trial was held, and the jury convicted him. Conn's motion for judgment notwithstanding the verdict and new trial was denied. *348 He now appeals his conviction and sentence.

ISSUES

I. THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE THE PRIOR CONVICTION OF THE DEFENDANT DATED JANUARY 25, 1995, WHERE THE DEFENDANT WAS NOT REPRESENTED BY COUNSEL AND DID NOT KNOWINGLY WAIVE HIS RIGHT TO COUNSEL.
¶ 7. Conn contends that the State failed to establish that his DUI conviction which occurred on January 25, 1995 was obtained "in a manner whereby his constitutional rights were preserved and should not have been considered by the trial court for enhancement purposes because he was not represented by counsel and did not knowingly waive his right to counsel."

Law
¶ 8. The procedure for enhancing a misdemeanor conviction of driving under the influence of intoxicants to a felony conviction involves determining whether the defendant was represented by counsel or waived his right to counsel in the prior misdemeanor convictions. Sheffield v. City of Pass Christian, 556 So.2d 1052, 1053 (Miss.1990).
¶ 9. The question of how representation by counsel or waiver of right of counsel may be shown was considered by the Mississippi Supreme Court in Sheffield v. City of Pass Christian. The Court, quoting Ratliff v. Commonwealth, 719 S.W.2d 445 (Ky.Ct.App.1986), stated that "the presumption of regularity of judgment shall be sufficient to meet the original burden of proof". "After the judgments of conviction are introduced, the burden shifts to the defendant to show any infringement of his rights or irregularity of procedure upon which he relies.... If the defendant presents evidence, through his testimony or other affirmative evidence, which refutes the presumption of regularity, the burden falls to the Commonwealth to prove that the underlying judgments were entered in a manner which did, in fact, protect the rights of the defendant. A silent record simply will not suffice." Id.

Analysis
¶ 10. The justice court clerk informed the State that in the January 25, 1995 conviction, Conn waived his right to counsel. The assistant district attorney informed the defense counsel of this fact at trial. The defense counsel responded that he would like to see the waiver. Upon reviewing the waiver, defense counsel engaged in the following colloquy with the assistant district attorney:
Defense Counsel: Just if we want to make anything on the record on it, it is a waiver of an attorney, but it does not advise of any enhancement nor does it discuss anything regarding the consequences of enhanced D.U.I.
Assistant District Attorney: So on the record, the State is prepared to put on the clerk to show that on-I just want to go on the record that the State is prepared to offer the clerk of the court-Justice Court ... in case number XX-XXX-XX, which is the other D.U.I. conviction, the State is prepared to call that clerk to put in the fact that he had waived was advised of his rights to have one, that he could afford one, and basically, that he did not wish to have one, and entered his plea after having waived his right to counsel. I can either put her on or that can be stipulated.
Defense Counsel: I can stipulate to that. I have no objection. I would like the waiver entered as part of the evidence. I completely stipulate to the representation on the other charge, the first charge that was cited. And just in support of what I further said as far as case law, I'm going by Sheffield vs. City of Pass Christian.

*349 ¶ 11. The State was only required to demonstrate that the defendant was represented by counsel or waived his right to counsel. The record clearly reveals that the defense counsel stipulated to the fact that Conn waived his right to an attorney on the January 25, 1995 conviction. The fact that the waiver did not advise of any enhancement or discuss anything regarding the consequences of an enhanced D.U.I. was beyond what is required by the law. Nichols v. U.S., 511 U.S. 738, 748, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). Conn's argument is without merit.

II. THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 12. Conn contends that the verdict was contrary to the overwhelming weight of the evidence and therefore he is entitled to a new trial.

Law
¶ 13. "In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial." Isaac v. State, 645 So.2d 903, 907 (Miss.1994).

Analysis
¶ 14. One witness, Lieutenant Brown, testified during Conn's trial. Lieutenant Brown testified that he did not administer any field sobriety tests to determine the presence of alcohol. However, he did observe that a twelve ounce can of beer fell from the car when Conn walked toward him, and that Conn staggered when walking and slurred his speech. Conn's breath smelled like alcohol, and he admitted to Lieutenant Brown of having had too much to drink. This evidence supported the guilty verdict and was sufficient testimony from which a jury could find Conn guilty of driving under the influence of alcohol. The trial court did not abuse its discretion in failing to grant a new trial.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR AND SENTENCE OF FIVE YEARS WITH THE LAST FOUR AND ONE-HALF SUSPENDED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS AND FINE OF $1000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J.,, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
BRIDGES, J., NOT PARTICIPATING.