802 So.2d 107 (2001)
Melvin MURRAY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00941-COA.
Court of Appeals of Mississippi.
November 20, 2001.
*108 Aelicia L. Thomas, Greenville, for Appellant.
Office of the Attorney General by Dewitt T. Allred III, for Appellee.
Before KING, P.J., THOMAS, and LEE, JJ.
THOMAS, J., for the Court.
¶ 1. Melvin Murray was found guilty of felony driving under the influence of alcohol (DUI) and sentenced to five years in the Mississippi Department of Corrections with the last three years suspended. Aggrieved, Murray asserts the following issue:
I. THE VERDICT OF THE LOWER COURT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Finding no error, we affirm.

FACTS
¶ 2. Sometime shortly after 2:00 a.m. on the morning of August 7, 1999, Cleveland Police Officer Andy Lambre witnessed an automobile stopped in the middle of the road. When he put his lights on the automobile, it began to proceed down the middle of the road. Lambre pursued the automobile and it pulled over. Lambre approached the automobile to find Murray the sole occupant and, of course, the driver. Lambre smelled a strong odor of alcohol and asked Murray what he was doing. Lambre could not understand Murray's response because his speech was slurred. Lambre asked Murray if he had been drinking. Murray replied that he had drunk three beers. Lambre also noticed that Murray's eyes were red. Lambre asked Murray to get out of the automobile. Murray exited the automobile and attempted to walk, but stumbled and was unsteady standing on two feet. Lambre did not administer a field sobriety test because he felt it was unnecessary.
*109 ¶ 3. At this time Lambre arrested Murray and took him to the police station in order to administer the intoxilyzer test. Murray registered 0.219, the legal limit being 0.1. Lt. Timmy Townsend witnessed the administration of the intoxilyzer test and testified that it was administered properly and gave an accurate reading. Townsend also testified that Murray appeared to be "very intoxicated." Mississippi Highway Patrol Sgt. Patrick Tribble testified as to his inspection of the calibration of the intoxilyzer.
¶ 4. Terry Taylor testified that he was driving the automobile in question and Murray was a passenger. Taylor explained that the automobile ran out of gas. At this time, Taylor left the car on foot in order to purchase some gas. When Taylor returned to the spot where he had run out of gas, Murray and the automobile were gone.
¶ 5. Murray testified that Taylor was driving the automobile until the automobile ran out of gas. He continued to explain that after Taylor went to purchase some gas, Murray exited the car and entered into the driver's side in order to turn on the hazard lights. Murray claimed that Lambre approached the automobile as he was doing so.

ANALYSIS

I. WAS THE VERDICT OF THE LOWER COURT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 6. The decision to grant or deny a motion for new trial is discretionary with the trial court. McClain v. State, 625 So.2d 774, 781 (Miss.1993). In order to preserve the issue for consideration on appeal, the defendant must raise the issue that the verdict was against the overwhelming weight of the evidence as a ground for his motion for new trial. Howard v. State, 507 So.2d 58, 63 (Miss.1987). In Ford v. State, 753 So.2d 489, 490 (Miss. Ct.App.1999), we held that:
[i]n determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844, 846 (Miss.Ct.App.1999)). See also Turner v. State, 726 So.2d 117, 125 (Miss.1998); Herring v. State, 691 So.2d 948, 957 (Miss. 1997); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). "Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system." Hughes v. State, 724 So.2d 893, 896 (Miss.1998). "In determining whether a jury verdict is against the overwhelming weight of the evidence, the court accepts as true the evidence favorable to the State." Wetz v. State, 503 So.2d 803, 812 (Miss.1987). See also McClain, 625 So.2d at 781; Van Buren v. State, 498 So.2d 1224, 1229 (Miss.1986). It has also been established that "the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness." Meshell v. State, 506 So.2d 989, 991 (Miss.1987). See also Hilliard v. State, 749 So.2d 1015, 1017 (Miss.1999); Lewis v. State, 580 So.2d 1279, 1288 (Miss. 1991); Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). We hold that the evidence in the case at hand supports the guilty verdict.
¶ 7. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DUI AND *110 SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST THREE YEARS SUSPENDED TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED, THREE YEARS POST RELEASE SUPERVISION AND FINE OF $500 IS AFFIRMED. THE PROBATION GRANTED IN CAUSE NO. 98-0033 IS REVOKED AND APPELLANT IS REQUIRED TO SERVE ALL FIVE YEARS OF THAT SENTENCE. COSTS OF APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.