999 So.2d 408 (2008)
Joe Louis BROOKS a/k/a Joe Lewis Brooks a/k/a Joe L. Brooks, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-KA-00978-COA.
Court of Appeals of Mississippi.
July 1, 2008.
Rehearing Denied October 14, 2008.
Certiorari Denied January 22, 2009.
*409 Leslie S. Lee, Jackson, attorney for appellant.
Office of the Attorney General, by Stephanie Breland Wood, attorney for appellee.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Joe Louis Brooks appeals his conviction in the Lauderdale County Circuit Court for felony driving under the influence (DUI). After being indicted by a Lauderdale County grand jury, Brooks was tried by a jury and convicted of driving under the influence. Brooks had two prior DUI convictions within five years of the latest charge. After conviction, Brooks was sentenced as a habitual offender, having had two previous felony convictions, one of which was a felony DUI. Brooks was ordered to serve five years in the custody of the Mississippi Department of Corrections without reduction, suspension, probation, parole, or any type of early release. He was also ordered to pay a fine of $2,000 and court costs. Finding no error, we affirm.

FACTS
¶ 2. On July 19, 2005, Mark Chandlee, a patrolman with the Meridian Police Department, stopped Brooks for driving a car with no tag. Chandlee asked Brooks to produce his driver's license and proof of insurance. Brooks informed Chandlee that he did not have a driver's license, but he cooperated by giving his name and social security number. Chandlee subsequently learned that Brooks's driver's license was suspended because of prior DUI convictions.
¶ 3. Chandlee testified that while talking to Brooks, he noticed the smell of alcohol emanating from Brooks's facial area. He also noticed that Brooks's eyes were red, and his speech was slurred. Chandlee asked Brooks if he had been drinking alcohol, and Brooks responded that he had consumed one beer.
¶ 4. Chandlee called for another officer to help at the scene. Officer Dareaell Thompson arrived shortly after the stop, and he also noticed the smell of alcohol coming from Brooks. Brooks told Dareaell Thompson that he had consumed a half of a beer. After arresting Brooks, Chandlee requested that a DUI officer meet them at the booking area of the jail to help determine whether Brooks was under the influence of alcohol. Officer Terrell Thompson responded and observed *410 Brooks in the booking area. Terrell Thompson testified at trial that when he encountered Brooks, he noticed the smell of alcohol on Brooks's breath, his speech was slurred, his eyes were bloodshot, and his balance was poor. Terrell Thompson testified that Brooks was unable to stand without leaning against the wall, and when he walked away from the bench in the booking area, his balance was noticeably impaired. Brooks refused to submit to any field sobriety tests. Terrell Thompson offered Brooks the intoxilyzer test, which Brooks refused. Based on the above evidence, Brooks was convicted.
¶ 5. Brooks asserts two errors on appeal. First, he argues that the verdict was against the overwhelming weight of the evidence. Second, he argues that the trial judge erred in not instructing the jury that it is not illegal to drink and drive.

DISCUSSION

I. Whether the verdict was against the overwhelming weight of the evidence.
¶ 6. Brooks argued in his motion for a new trial that the jury's verdict was against the overwhelming weight of the evidence. His motion was denied. Whether or not to grant a motion for new trial is within the discretion of the trial court. Murray v. State, 802 So.2d 107, 109(¶ 6) (Miss.Ct.App.2001). "In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial." Conn v. State, 744 So.2d 346, 349(¶ 13) (Miss.Ct. App.1999) (quoting Isaac v. State, 645 So.2d 903, 907 (Miss.1994)).
¶ 7. Brooks claims that the only evidence presented that he was under the influence of alcohol was testimony by Terrell Thompson that his speech was slurred and difficult to understand and that he had poor balance. He asserts that the testimony of the other two officers that his eyes were red and that he smelled of alcohol is insufficient to show that he was under the influence or was impaired in any way. Brooks questions Terrell Thompson's recollection of the arrest because he was able to recall specific details about Brooks's demeanor the night of the arrest, although he made no specific notes on the DUI ticket he issued and made no written arrest report.
¶ 8. The evidence against Brooks was presented to a jury, and "the jury [as] the judge of the weight and credibility of testimony [was] free to accept or reject all or some of the testimony given by each witness." Murray, 802 So.2d at 109(¶ 6) (quoting Meshell v. State, 506 So.2d 989, 991 (Miss.1987)). Because we must accept the evidence which supports the verdict as true, we find this issue to be without merit.

II. Whether the trial judge erred in not granting an instruction informing the jury that it is not illegal to drink and drive.
¶ 9. Brooks asserts as his second assignment of error that the trial judge should have granted his proposed jury instruction regarding the legality of drinking and driving. This Court's standard of review for a challenge to jury instructions is as follows:
Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case, however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the *411 law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.
Poole v. State, 826 So.2d 1222, 1230(¶ 27) (Miss.2002) (quoting Smith v. State, 802 So.2d 82, 88(¶20) (Miss.2001)).
¶ 10. Brooks's proposed jury instruction read:
You the jury are instructed that in the State of Mississippi it is not illegal to drive after having consumed a quantity of alcohol. It is therefore, not unlawful to drink alcoholic beverages and then drive or operate a motor vehicle in this State. The prohibition is against driving under the influence of alcohol, which impairs a person's ability to operate said motor vehicle. But not every person who has consumed an alcoholic beverage and operates a motor vehicle is in violation of the law. The person who is not under the influence is the one who consumes an alcoholic beverage and is not thereby impaired in the operation of a motor vehicle.
Brooks claims that the trial judge erred in not granting his jury instruction because it was the only instruction presenting his theory of the case. Brooks claims that the evidence presented by the State tends to show only that he consumed alcohol; it does not show that he was under the influence of alcohol. However, Brooks was not entitled to the jury instruction because there is no evidentiary basis for the instruction. Brooks did not testify at trial that he had not consumed enough alcohol to be considered under the influence; he denied in his testimony that he had consumed any alcohol on the day of his arrest.
¶ 11. Furthermore, when looking at the jury instructions as a whole, we find that the jury was properly instructed as to the elements of felony DUI and the level of proof required. Jury instruction C-6 required the jury to find beyond a reasonable doubt that on the date of the arrest, Brooks "operate[d] a motor vehicle on the public streets while under the influence of intoxicating liquor." The instruction was clear that to be guilty, Brooks had not only to consume the beverage, but also to be under the influence of it. We find that the jury was properly instructed. This issue is without merit.
¶ 12. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER AND TO PAY A FINE OF $2,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.