645 So.2d 936 (1994)
Kelvin GHOSTON
v.
STATE of Mississippi.
No. 91-KA-00384.
Supreme Court of Mississippi.
November 17, 1994.
Clayton T. Lewis, Philadelphia, for appellant.
Michael C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and BANKS and JAMES L. ROBERTS, Jr., JJ.
JAMES L. ROBERTS, Jr., Justice, for the Court:

I.

INTRODUCTION
Kelvin Ghoston was convicted in the Neshoba County Circuit Court of driving under the influence of intoxicating liquor. As this was his fourth DUI, he was charged with a felony. Ghoston was sentenced to serve one year imprisonment, with six months suspended, two years probation, and a $3,500 fine. Ghoston appealed, assigning the following errors:
A. THE LOWER COURT ERRED IN UPGRADING A MISDEMEANOR CHARGE TO A FELONY, AND SENTENCING GHOSTON AS A FELON. THAT THE LOWER COURT SHOULD NOT HAVE ENHANCED THE PUNISHMENT.
B. THE COURT ERRED IN NOT GRANTING INSTRUCTION D-5 FOR THE DEFENDANT DEFINING THE TERM "UNDER THE INFLUENCE OF INTOXICATING LIQUOR."
*937 Finding that Ghoston was properly sentenced as a felon, we affirm. We find no merit to Ghoston's second issue.

II.

FACTS AND PROCEDURAL HISTORY
On March 7, 1990, Kelvin Ghoston was indicted by a grand jury in Neshoba County on charges of operating a motor vehicle while under the influence of intoxicating liquors, in violation of Miss. Code Ann. § 63-11-30 (1972, as amended).[1] The indictment charged that Ghoston had three prior DUI convictions: "DUI 1st offense" on September 10, 1986; "DUI 2nd offense" on March 9, 1987; and "DUI 4th offense" on November 21, 1987. Ghoston was found guilty by a jury in July 1990, but was granted a new trial on the grounds that the court had denied him the opportunity to put on evidence concerning the circumstances of his prior convictions.
At a second trial, held March 12, 1991, two Philadelphia police officers testified that on August 18, 1989, they stopped Ghoston's car because it was swerving back and forth in the road. When he stepped out of the car, Ghoston smelled of alcohol, slurred his speech, and had red eyes. As he could not stand, Ghoston held onto the side of the car. The officers observed a bottle of gin in the passenger seat. Ghoston was taken to the jail for a breath test, which registered a blood alcohol content of .24%.
Ghoston testified that on the day in question, while working on his car, he breathed diesel and gasoline fumes and got diesel fuel and gasoline on himself and his clothes. He suggested that possibly the fumes in his clothes registered on the breath test. Ghoston denied drinking any alcohol on the occasion and denied knowledge of a gin bottle in his car. He testified that his eyes had turned red from the fumes and that he had been tired.
After deliberating for twenty-three minutes, the jury returned a guilty verdict.
At the sentencing hearing on March 21, 1991, the State offered Abstracts of Court Records attesting to Ghoston's three prior convictions for DUI.[2] Ghoston then testified that when he pled guilty to the prior charges, he was not represented by counsel, nor was he given warnings as to possible increased or enhanced punishment if charged with a similar offense in the future. He stated that he did not sign a waiver of his right to have an attorney present; nor was he advised of his constitutional rights. Ghoston testified that he was not aware, until charged with the current offense, that he could be charged with a felony.
The State admitted it had no evidence to rebut Ghoston's testimony, but argued that there is a presumption, when certified records are filed, that the defendant's rights have been protected. Ghoston's motion to treat the conviction as a first offense was denied.
A judgment issued March 22, 1991, sentenced Ghoston to serve one year in the custody of the Mississippi Department of Corrections and to pay a fine of $3,500. Upon serving six months in the Neshoba County Jail and payment of the fine, the remaining six months would be suspended, and Ghoston placed on probation for two years. The sentence also provided that Ghoston was "not to be quartered all the time he is in the Neshoba County Jail, but that he be permitted to do community service." A condition of probation was that Ghoston attend *938 an alcohol abuse program upon release from the jail.
Ghoston's motion for a JNOV or in the alternative a new trial was denied on April 8, 1991. Ghoston timely filed his notice of appeal on April 11, 1991.

III.

DISCUSSION OF THE ISSUES
Ghoston argues that the trial court erred in using his prior DUI convictions to enhance his sentence, because these convictions occurred when he was without counsel, without proper warnings as to his constitutional rights, and without understanding that in the event of future DUI offenses, he could be convicted of a felony and sentenced to the penitentiary. Ghoston further maintains that by testifying as to the above at the sentencing hearing, he rebutted the presumption of regularity accorded the conviction abstracts. He also points out the fact that the State offered no evidence to the contrary after his testimony. For those reasons, Ghoston contends that the judge should have sustained his motion not to enhance punishment. Additionally, Ghoston argues that neither he nor his attorney were furnished with copies of the abstracts of prior convictions introduced at the sentencing hearing, in violation of Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice. He maintains the court erred in admitting these abstracts and using them to enhance his punishment.
The State asserts that under Sheffield v. City of Pass Christian, 556 So.2d 1052 (Miss. 1990), prior convictions may be used to enhance punishment under Miss. Code Ann. § 63-11-30, if the defendant did not receive any jailtime from these convictions, even if the defendant did not have counsel at the time of his prior convictions. Since Ghoston received no jailtime for his prior DUI convictions, the State maintains that those convictions could be used to enhance his punishment, despite the lack of representation by counsel.
We find a recent case controlling on this issue. In Nichols v. United States, ___ U.S. ___, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), the United States Supreme Court held that previous uncounseled misdemeanor convictions may be considered in sentencing a defendant for a subsequent offense so long as the previous uncounseled misdemeanor conviction did not result in a sentence of imprisonment.
In Sheffield v. City of Pass Christian, 556 So.2d 1052 (Miss. 1990), the City sought a pretrial ruling on the admissibility of the defendant's three prior DUI convictions and one prior conviction for driving with a suspended license. The Municipal Court ruled the prior convictions inadmissible, on the grounds that the City could not show that Sheffield had been represented by counsel or had knowingly and intelligently waived his rights to counsel during the proceedings of these prior convictions. The Circuit Court reversed, and this Court affirmed, holding that the uncounselled convictions, for which counsel was not constitutionally required, could be used to enhance punishment upon a subsequent DUI conviction. We stated:
The prior convictions of Sheffield when he was without counsel were constitutionally valid in and of themselves, are also valid now for the purpose of enhancing punishment of Sheffield under Miss. Code Ann. § 63-11-30, and further they certainly could be considered for any lesser administrative sanctions included in the statutes, such as suspension of one's driver's license. To find otherwise would have the illogical effect of penalizing those defendants that do obtain counsel in misdemeanor cases and of finding a prior constitutionally valid misdemeanor conviction is unconstitutional in certain future instances.
Sheffield, 556 So.2d at 1053 (citation omitted).
In Sheffield, we also outlined the procedures to be followed in admitting prior misdemeanors for purposes of sentence enhancement, with particular attention to the question of whether the defendant had been represented by counsel or had waived that right. We cited a Kentucky case, Ratliff v. Commonwealth, 719 S.W.2d 445 (Ky. Ct. App. 1986), which stated:

*939 The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. After the judgments of conviction are introduced, the burden shifts to the defendant to show any infringement of his rights or irregularity of procedure upon which he relies... . If the defendant presents evidence, through his testimony or other affirmative evidence, which refutes the presumption of regularity, the burden falls to the Commonwealth to prove that the underlying judgments were entered in a manner which did, in fact, protect the rights of the defendant. A silent record simply will not suffice.
Ratliff, 719 S.W.2d at 451.
Under this standard, a conviction which had no reference to counsel would have a presumption of regularity. The defendant could then present evidence through affidavit, sworn pleading or testimony to rebut this presumption... .
Sheffield, 556 So.2d at 1053-1054.
The issue presented in Ghoston's case is identical to that presented in Sheffield, and the procedures outlined in that case are applicable here.[3]
The three prior DUI convictions introduced by the State at Ghoston's sentencing hearing were entitled to the presumption of validity. The burden then shifted to Ghoston to demonstrate any "infringement of rights or irregularity of procedure" in the prior convictions. Ghoston asserted then, and asserts now, that his lack of counsel at the time of his guilty pleas worked some violation of his rights. Such assertion, Ghoston argues, successfully rebutted the presumption of regularity of the convictions, and therefore, the convictions should not have been used to enhance his punishment.
We disagree. Assertion of a lack of counsel is insufficient to rebut the presumption of validity accorded prior DUI convictions. There was nothing "irregular" in Ghoston's lack of counsel at the times he pled guilty to misdemeanor DUI, nor did the lack of counsel work an infringement of his rights. Anyone charged with a misdemeanor DUI may retain a lawyer for advice and/or defense, but self representation and guilty pleas are common in DUI cases. As was his right, Ghoston waived the assistance of counsel. We decline to hold that because Ghoston chose to represent himself, his convictions were "irregular" and therefore unfit to be used to enhance punishment. We note here, as we did in Sheffield, that to so hold would penalize those DUI defendants who hired counsel.
The other issue raised by Ghoston under this assignment of error, that the admission of the prior convictions at the hearing violated Uniform Criminal Rule 4.06, is without merit. This Court has repeatedly stated that the purpose of Rule 4.06 is "to avoid unfair surprise to either the state or the defendant at trial." See, e.g., Rogers v. State, 599 So.2d 930, 937 (Miss. 1992); McCaine v. State, 591 So.2d 833, 835 (Miss. 1991); Acevedo v. State, 467 So.2d 220, 223 (Miss. 1985). Certainly, Ghoston cannot claim surprise concerning his prior convictions. The abstracts of these prior convictions were introduced into evidence at Ghoston's first trial, some nine months prior to this sentencing hearing.

IV.

CONCLUSION
Under Sheffield and Nichols, Ghoston's prior convictions were admissible at the sentencing hearing for enhancement of his punishment under Miss. Code Ann. § 63-11-30 (1972, as amended). Ghoston was unsuccessful in overcoming the presumption of validity accorded his earlier DUI convictions, and lack of counsel does not render a conviction arising from a guilty plea "irregular" or otherwise unfit for purposes of sentence enhancement. Introduction of Ghoston's prior convictions at the sentencing hearing did not violate Uniform Criminal Rule 4.06 as Ghoston was certainly on notice that the State would use these convictions to enhance his *940 sentence. We affirm Ghoston's conviction and sentence.
CONVICTION OF DRIVING UNDER THE INFLUENCE OF INTOXICATING LIQUOR (FOURTH OFFENSE) AND SENTENCE OF ONE (1) YEAR IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH CONDITIONS AND PAY A FINE OF $3,500.00 AFFIRMED.
HAWKINS, C.J., LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and SMITH, JJ., concur.
NOTES
[1] Miss. Code Ann. § 63-11-30 (Supp. 1989), provided in part:

(2)(d) Any fourth or subsequent violation of subsection (1) of this section shall be a felony offense, and upon conviction, the offenses being committed within a period of five (5) years, such person shall be fined not less than Two Thousand Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00) and shall be imprisoned not less that ninety (90) days nor more than five (5) years in the State Penitentiary... .
[2] These Abstracts had been marked as State's Exhibits 3, 4 and 5 in Ghoston's first trial. One reads "DUI  1st Offense"; one reads "DUI  2nd Offense"; one reads "DUI  4th Offense." Ghoston objected to the Abstracts, on the ground that he had not been furnished with them prior to the hearing. The judge overruled the objection, noting that the abstracts had been introduced in the first trial, and that the prior convictions had been listed in the indictment.
[3] The only difference is that in Sheffield's case, the spaces for "Attorney" on the record of convictions was blank; in Ghoston's case, there are no such blanks.