761 So.2d 924 (2000)
Anthony NICHOLSON a/k/a Anthony T. Nicholson, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01125-COA.
Court of Appeals of Mississippi.
June 6, 2000.
*926 Kevin Dale Camp, Beth Windsor, Jackson, Attorneys for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
BRIDGES, J., for the Court:
¶ 1. Anthony Nicholson was found guilty of felony Driving Under the Influence (DUI) and sentenced to four years, with two years to serve, two years suspended, and placed on probation for two years. Aggrieved of this judgment and sentence Nicholson argues on appeal
I. THE TRIAL COURT ERRED IN NOT ALLOWING THE DEFENSE TO EXAMINE THE JURY VENIRE WITH A HYPOTHETICAL QUESTION.
II. THE TRIAL JUDGE SHOWED BIAS AND SUCH BIAS PREJUDICED THE DEFENDANT.
III. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO STIPULATE TO THE VALIDITY OF DEFENDANT'S TWO PRIOR CONVICTIONS AND MOTION TO PRECLUDE THE STATE FROM REFERRING TO THE PRIOR CONVICTIONS.
IV. DEFENDANT'S READING FALLS WITHIN THE MARGIN OF ERROR OF THE INTOXILYZER 5000; THEREFORE, THE CHARGE OF DRIVING UNDER THE INFLUENCE SHOULD BE DISMISSED.
V. THE TRIAL COURT ERRED IN ADMITTING AFFIDAVITS INTO EVIDENCE.
VI. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT AS A FELONY OFFENDER.
¶ 2. Finding no reversible error, we affirm.

FACTS
¶ 3. At around 3:00 a.m. on August 23, 1998, patrolman Tommy Clark with the Louisville Police Department spotted a Mustang drive through a stop sign. The vehicle went into another lane before straightening back. Clark pulled the Mustang over. This vehicle was driven by Nicholson. When Clark initiated conversation with Nicholson, he noticed the smell of intoxicants on his breath. Clark asked Nicholson to blow into the portable intoxilyzer to which Nicholson complied. The portable intoxilyzer registered a .08%, which gave Clark reason to transport Nicholson to the station. At the station, Nicholson took the Intoxilyzer 5000, and the machine registered Nicholson's blood alcohol content at .104%.
¶ 4. Nicholson had twice before been convicted of misdemeanor DUI within five years of the present offense. Nicholson's prior convictions were presented to the jury during trial. After deliberations, the jury found Nicholson guilty of felony DUI.

*927 LEGAL ANALYSIS

I.

THE TRIAL COURT ERRED IN NOT ALLOWING THE DEFENSE TO EXAMINE THE JURY VENIRE WITH A HYPOTHETICAL QUESTION.
¶ 5. During voir dire of the jury venire the following transpired:
By the Defense: If you were in a situation in a trial and you thought nine people were guilty and one person was not guilty. And in order-you had the option to either send them all to jail or let them all free. Now, who would you vote to let them all free?
(A juror raises his hand.)
By the Court: You are number nine; is that correct?
By the Defense: And who would vote to put all ten of them in jail even though one of them you felt was innocent? Who would vote that way?
By the Prosecution: Your Honor, I am going to object to the form of that question, Your Honor.
By the Court: I am going to sustain. I think that-I sustain the objection. That is a situation that would never occur. And they would not ever-a jury would never be asked to do anything but judge each person individually. They would never be in a situation like that. So I am-I think that is irrelevant. And also it is just hypothetical.
¶ 6. The defense argues that the trial court abused its discretion in sustaining the prosecution's objection as the question was within the permissible range of acceptable questioning and because it is impossible to know what actions would have been taken in the selection of the jury if the question had been allowed to be answered. The defense opines that hypothetical questions are allowed if not elicited to get the jury to pledge a particular verdict. "Mississippi case law prohibits attorneys from attempting to elicit promises from the jury promising that under a hypothetical set of circumstances, they will return a specific verdict." Robinson v. State, 726 So.2d 189 (¶ 6) (Miss.Ct.App. 1998) (citing West v. State, 553 So.2d 8, 21 (Miss.1989)).
¶ 7. "The trial court has broad discretion in passing upon the extent and propriety of questions addressed to prospective jurors." Jones v. State, 381 So.2d 983, 990 (Miss.1980) (citing Myers v. State, 268 So.2d 353 (Miss.1972)). See also Johnson v. State, 475 So.2d 1136, 1141 (Miss. 1985). "Although broad, the discretion is not unlimited, and an abuse will be found on appeal where clear prejudice to the accused results from undue constraint on the defense or undue lack of constraint on the prosecution." Jones, 381 So.2d at 990 (citing McCaskill v. State, 227 So.2d 847 (Miss.1969); Leverett v. State, 112 Miss. 394, 73 So. 273 (1916)).
¶ 8. There is no showing, or even an allegation, that the jury selected in the case was not fair and impartial and the defense was prejudiced thereby. There is nothing in the record that reveals that the exclusion of the proposed question prejudiced Nicholson. We find no error in the trial court's exercise of discretion. This assignment of error is without merit.

II.

THE TRIAL JUDGE SHOWED BIAS AND SUCH BIAS PREJUDICED THE DEFENDANT.
¶ 9. Nicholson claims that the trial judge demonstrated bias while presiding over his case because the circuit judge admonished counsel for being three minutes late in front of the jury and rebuked counsel during his cross-examination of a witness for the prosecution. The defense claims that the conduct by the trial judge shows beyond a reasonable doubt that the trial judge was biased, this bias infected the jury, and he did not receive a fair trial.
*928 ¶ 10. The first instance happened when defense counsel entered the courtroom, according to the trial judge, three minutes late. The trial judge stated, "Mr. Campbell [sic], I am glad you could finally join us. I do not appreciate you not being here at 9:00. Everybody else was." Defense counsel, Mr. Camp, stated, "I apologize to the Court, Your Honor." The defense claims that while defense counsel's tardiness should not have gone unnoticed or forgotten, it should have been inquired about outside the presence of the jury and not in a sarcastic and condescending manner.
¶ 11. The second instance that Nicholson's counsel complains of occurred during the cross-examination of Patrolman Tommy Clark. Defense counsel was trying to impeach Clark based on testimony given at the justice court level. The prosecution objected, stating that the prior testimony had not been provided in discovery. The trial judge sustained as to the form of the questions. After a few more questions were asked by the defense counsel, the prosecution objected, and defense counsel stated "the problem in this situation is that the officer is changing his testimony-." The trial judge stated, "Your statement is not proper, Mr. Camp, and you know it is not. I haven't heard anything that said he had changed his statement." A discussion occurred as to proper impeachment procedure, the trial judge stating, "You can ask him a specific question about whether he made any statement about this issue, and then he can respond as to whether or not he was asked anything about it." Again more discussion on proper impeachment procedure was had by defense counsel and the prosecution; the trial judge then excused the jury.
¶ 12. "The trial judge always must be circumspect and unbiased, at all times displaying neutrality and fairness in the trial, and consideration for the constitutional rights of the accused." Fermo v. State, 370 So.2d 930, 933 (Miss.1979). We presume that a judge, who is sworn to administer impartial justice, is unbiased. Turner v. State, 573 So.2d 657, 678 (Miss. 1990). The presumption that a judge is unbiased may be overcome by evidence showing beyond a reasonable doubt that the judge was biased. Id.
¶ 13. Upon an examination of this record, we cannot agree that the conduct of the trial judge was biased. The trial judge's conduct in no way prevented the fair and impartial consideration of the evidence by the jury.

III.

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO STIPULATE TO THE VALIDITY OF DEFENDANT'S TWO PRIOR CONVICTIONS AND MOTION TO PRECLUDE THE STATE FROM REFERRING TO THE PRIOR CONVICTIONS.
¶ 14. Nicholson argues that the trial court abused its discretion when the trial court admitted the full record of the prior judgments after he offered to concede to the prior convictions. Nicholson contends that when the name and nature of the prior offenses are put before the jury the risk of a verdict tainted by improper considerations may occur.
¶ 15. Counsel for Nicholson is not quite forthright in his argument under this assignment of error. Prior to trial, counsel asked to stipulate to the two prior convictions. The trial judge said that he had no problem allowing only the record of the two convictions, not the facts and circumstances surrounding the prior convictions, going before the jury. Counsel responded that he was asking that the prosecution be precluded from mentioning the fact that Nicholson had prior convictions for DUI at all. The trial judge denied the proposed stipulation, finding that some proof needed to be put before the jury with regard to the prior convictions, both of which were essential elements of the offense of felony DUI. Later, the prosecution introduced *929 two copies of abstracts of court records that showed Nicholson had previously been convicted twice of DUI.
¶ 16. There is no abuse of discretion in this instance. "The State has to prove the prior charges and convictions of the defendant in order to meet its burden and obtain a conviction for a Felony DUI." Weaver v. State, 713 So.2d 860 (¶ 31) (Miss.1997). The trial judge acted in accordance with the statute and with established case law by admitting the evidence of Nicholson's prior convictions. Id. at 865 (¶ 32). See also Smith v. State, 736 So.2d 381 (¶ 4) (Miss.Ct.App.1999).

IV.

DEFENDANT'S READING FALLS WITHIN THE MARGIN OF ERROR OF THE INTOXILYZER 5000; THEREFORE, THE CHARGE OF DRIVING UNDER THE INFLUENCE SHOULD BE DISMISSED.
¶ 17. Nicholson advances that the margin of error of the Intoxilyzer 5000 is plus or minus .02%. His reading was.104%. Nicholson opines that when this reading is viewed in light of the margin of error then his actual blood result could be between .084% and .124%. Nicholson advocates his reading falls within this margin of error making it impossible to know if he was above the limit defined by statute. The argument, that the margin of error of the Intoxilyzer 5000 is plus or minus .02%, is a new argument found on appeal. Nicholson cites the testimony of David Fries, expert witness in causes other than his own. A court "can act only on the basis of the contents of the official record, as filed after approval by counsel for both parties. It may not act upon statements in briefs or arguments of counsel which are not reflected by the record." Porter v. State, 749 So.2d 250 (¶ 18) (Miss.Ct.App.1999) (quoting Saucier v. State, 328 So.2d 355, 357 (Miss.1976)). We "cannot decide an issue based on assertions in the briefs alone; rather, issues must be proven by the record." Genry v. State, 735 So.2d 186 (¶ 72) (Miss.1999) (quoting Medina v. State, 688 So.2d 727, 732 (Miss.1996); Robinson v. State, 662 So.2d 1100, 1104 (Miss. 1995)). Accordingly, whether the margin of error in the Intoxilyzer 5000 has a margin of error of .02% is not properly before this Court.
¶ 18. What is properly before this Court is Nicholson's argument made on appeal and to the trial court during his motion for directed verdict and later renewed in his tender of a peremptory instruction, involving testimony from Sergeant Don Harrell who testified that the margin of error for the Intoxilyzer 5000 was plus or minus .003%. This would put Nicholson's reading at .101%. Nicholson argues that this leaves considerable doubt as to his guilt.
¶ 19. A motion for directed verdict tests the sufficiency of the evidence. A party waives the right to challenge the sufficiency of the evidence if that party chooses to put on evidence after this motion was made. Wetz v. State, 503 So.2d 803, 807-08 n. 3 (Miss.1987). Such is not the case here. After making his motion for directed verdict, Nicholson rested.
¶ 20. In determining whether the trial court should have granted Nicholson a peremptory instruction, we must consider all of the evidence in the light most favorable to the State. "If the facts and inferences so considered point so overwhelmingly in favor of [Nicholson] that reasonable men could not have arrived at a contrary verdict, granting the peremptory instruction is required." White v. Miller, 513 So.2d 600, 601 (Miss.1987) (citing Burnham v. Tabb, 508 So.2d 1072, 1074 (Miss.1987)).
¶ 21. On appeal, the standard of review requires only that this Court find that the trial jury found as any reasonable jury would under the circumstances. This Court cannot reweigh the evidence on appeal, *930 it merely examines the trial proceedings to see that the trial judge and jury did not reach its decision based on unreasonable inferences.
[T]his assignment of error turns not upon how we see the evidence, for our institutionally mandated and self-imposed scope of review is quite limited. That limitation is premised upon our candid recognition that the jury system is at best the least imperfect way we have of determining guilt or innocence.
Harveston v. State, 493 So.2d 365, 372 (Miss.1986).
¶ 22. With this standard in mind, our focus turns on whether there was substantial evidence in the record for a jury to find that Nicholson was guilty of felony DUI. Even with a margin of error of.003%, Nicholson still had a blood alcohol concentration of .101%, which is above the legal limit of .10%. With the foregoing in mind, we will not invade the province of the jury.

V.

THE TRIAL COURT ERRED IN ADMITTING AFFIDAVITS INTO EVIDENCE.
¶ 23. In his fifth assignment of error, Nicholson argues that it was error for the lower court to admit the citation/affidavit in this case for running a stop sign. He does not state exactly why it was error, but points this Court to the case of Sisk v. State, 290 So.2d 608 (Miss.1974). In Sisk, the Mississippi Supreme Court reversed a conviction where the introduction of a search warrant and affidavit "allowed the state to get into evidence hearsay statements which deprived appellant of the right of confrontation and cross examination." Id. at 610-11.
¶ 24. In this case, the citation/affidavit was introduced into evidence by the officer, Clark, who issued the citation to Nicholson. Clark was cross-examined extensively by counsel for Nicholson. The citation was relevant to the material fact of the actual time of the traffic stop. This issue has no merit.

VI.

THE TRIAL COURT ERRED IN SENTENCING DEFENDANT AS A FELONY OFFENDER.
¶ 25. In his last assignment of error, Nicholson contends that his previous uncounseled misdemeanor should not have been considered in sentencing him for his subsequent offense.
¶ 26. In Sheffield v. City of Pass Christian, 556 So.2d 1052, 1053 (Miss.1990), the Court held that an uncounseled conviction, for which counsel was not constitutionally required, could be used to enhance punishment upon a subsequent DUI conviction. The Court stated:
The prior convictions of Sheffield when he was without counsel were constitutionally valid in and of themselves, are also valid now for the purpose of enhancing punishment of Sheffield under Miss.Code Ann. § 63-11-30, and further they certainly could be considered for any lesser administrative sanctions included in the statutes, such as suspension of one's driver's license. Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). To find otherwise would have the illogical effect of penalizing those defendants that do obtain counsel in misdemeanor cases and of finding a prior constitutionally valid misdemeanor conviction is unconstitutional in certain future instances. We affirm the Circuit Court in its finding that Sheffield's prior convictions are admissible in the municipal court prosecution under consideration here.
Id.
¶ 27. In Ghoston v. State, 645 So.2d 936, 936 (Miss.1994), Ghoston was convicted of felony DUI. On appeal, Ghoston argued that the trial court erred in using his prior DUI convictions to enhance his sentence because these convictions occurred when *931 he was without counsel. Id. at 938. The Mississippi Supreme Court held "that previous uncounseled misdemeanor convictions may be considered in sentencing a defendant for a subsequent offense so long as the previous uncounseled misdemeanor conviction did not result in a sentence of imprisonment." Id. (citing Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994)).
¶ 28. On February 7, 1995, Nicholson entered a plea of guilty to the charge of second offense DUI in the Justice Court of Lowndes County, Mississippi. Nicholson signed a waiver of rights to an attorney. On Nicholson's abstract of the court record, under sentence given is written "48 hrs. in jail Time Served."
¶ 29. Nicholson would have this Court find that if a defendant upon initial arrest for DUI spent some time in jail, any guilty plea thereafter without counsel would be constitutionally unsound. We find that a conviction which is valid at the time it was entered cannot be retroactively invalidated by some time spent jail before a guilty plea.
¶ 30. In Nicholson's case there was no imposition of a jail term following his guilty plea for his misdemeanor second DUI. We read the language in Ghoston v. State, 645 So.2d 936 (Miss.1994) and Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), "so long as the previous uncounseled misdemeanor conviction did not result in a sentence of imprisonment" literally. Upon pleading guilty in Lowndes County, Nicholson did not received any further prison or jail time. No jail term was imposed; Nicholson was not incarcerated upon conviction. We find the lower court did not err in considering the prior uncounseled misdemeanor DUI in sentencing Nicholson for his subsequent offense because Nicholson's prior misdemeanor DUI did not result in a sentence of imprisonment.
¶ 31. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE TO FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED AND TWO YEARS PROBATION, AND FINE OF $2,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.