910 So.2d 591 (2005)
Cornelius Dwayne WATKINS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02269-COA.
Court of Appeals of Mississippi.
February 22, 2005.
*592 Jeanine M. Carafello, Jackson, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. On September 4, 2003, a jury in the Leake County Circuit Court returned a verdict against Cornelius Dwayne Watkins, finding him guilty of driving under the influence, third offense (or felony DUI). On September 5, 2003, the court sentenced Watkins to serve five years in the custody of the Mississippi Department of Corrections, four years suspended, leaving only one year to serve. Six months of this one year sentence are to be served in the Leake County Jail, and the details of how the remaining six months are to be served will be determined by the court at a later date. This lenient, split six months arrangement was designed to allow Watkins the opportunity to apply for house arrest after serving the first six months in the Leake County Jail. Watkins was also fined $5,000 and placed on probation for four years.
¶ 2. On September 29, 2003, the circuit court denied Watkins's motion for JNOV, or in the alternative for a new trial. Aggrieved by the trial court's judgment, Watkins now appeals, raising the following single issue:
DID THE TRIAL COURT ERR IN PERMITTING A PREVIOUS UNCOUNSELED MISDEMEANOR DUI CONVICTION TO BE CONSIDERED FOR ENHANCEMENT PURPOSES IN THE SENTENCING PHASE?
¶ 3. Finding no reversible error, we affirm the judgment of the circuit court.

FACTS
¶ 4. On October 25, 2001, Watkins's vehicle flipped over and landed in a ditch on the Natchez Trace Parkway in Leake County. Particulars of the accident and how it occurred were not fully developed below. Watkins's girlfriend, Yolanda Teat, was a passenger in the vehicle when it flipped. When Officer Kline of the National Park Service arrived, she noticed that Watkins showed signs of intoxication. Watkins and Teat were taken to the emergency room, and Officer Kline followed to *593 interview Watkins and Teat regarding the accident. At the hospital, Watkins told Officer Kline that he was driving the vehicle and that he had been drinking and had smoked marijuana earlier in the day. Officer Kline then took Watkins to the Leake County Jail.
¶ 5. At the jail, an Intoxilyzer test was administered, and Watkins's alcohol level was found to exceed the legal limit. Based upon the results of this test, Watkins was charged with driving under the influence, pursuant to Miss.Code Ann. § 63-11-30 (Rev.2004). On August 29, 2002, Watkins was ultimately indicted for DUI, third offense, and on September 4, 2003, the matter was tried before a jury in the Leake County Circuit Court. At the trial, Teat testified that she was actually the one driving the vehicle and that, in order to protect her (because she had also been drinking on the night in question), Watkins lied to the police when he said that he was driving the vehicle. In the end, however, the jury found that Watkins was the one driving the vehicle at the time of the accident.
¶ 6. Watkins had been twice previously convicted of DUI in the State of Georgia. As evidence of these previous convictions, the State introduced certified documents from the Georgia courts. One of these documents showed that Watkins was convicted of DUI, first offense, on December 1, 1998, and the other of these documents showed that Watkins was convicted of DUI, second offense, on February 15, 2001.

LEGAL ANALYSIS
DID THE TRIAL COURT ERR IN PERMITTING A PREVIOUS UNCOUNSELED MISDEMEANOR DUI CONVICTION TO BE CONSIDERED FOR ENHANCEMENT PURPOSES IN THE SENTENCING PHASE?
¶ 7. Watkins makes a somewhat curious argument about his previous convictions. He never disputes that he in fact had two previous DUI convictions in Georgia; rather, he argues that the first of his previous DUI convictions (the December 1, 1998 conviction) from Georgia should not have been used to "enhance" his sentence, making the present conviction his third DUI offense within five years. The reason he argues that the first conviction should not have been considered is because (1) he was unrepresented in the first DUI proceeding, and (2) he received jail time as a result of the first DUI conviction, which places this case within the rule announced in Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994).
¶ 8. The State argues that notwithstanding Watkins's rather technical argument, this was, in fact, Watkins's third DUI conviction within five years and, therefore, it was not error to sentence him for DUI, third offense. This is because, as the prosecutor below argued, the crime defined under Miss.Code Ann. § 63-11-30(2)(c) is being three times convicted of DUI within five years, which denotes that two prior DUI convictions are necessary elements of the crime, not merely sentence enhancing factors.
¶ 9. In addition, the State argues that Watkins failed to introduce any evidence to show that his first DUI conviction was in fact uncounseled and resulted in jail time. The State goes on to argue that, because of the presumption of validity attached to abstracts of conviction, Watkins was required to put on proof of any alleged irregularities in the proceedings that resulted in the prior convictions. The State contends that Watkins failed to put on any such proof. As a result of this failure, even if he is correct in his analysis of the Nichols rule, Watkins has not proved that his first DUI conviction was uncounseled and resulted *594 in jail time. Therefore, the State argues that Nichols is not applicable to this case.

STANDARD OF REVIEW
¶ 10. We review a trial judge's rulings on sentencing matters in order to determine if the sentence imposed falls within the applicable statutory guidelines: "It is well settled in this State that the imposition of sentence in a criminal proceeding is within the sole discretion of the trial judge, and that this Court will not reverse a sentence where it is within the limits prescribed by statute." Corley v. State, 536 So.2d 1314, 1319 (Miss.1988) (citing Johnson v. State, 461 So.2d 1288, 1292 (Miss.1984); Contreras v. State, 445 So.2d 543, 546 (Miss.1984); Bracy v. State, 396 So.2d 632, 636 (Miss.1981)). Thus, our review of sentencing matters generally involves the simple question, "Does the sentence fall within the statutory guidelines?" If it does, then we will affirm the sentence.
¶ 11. In the present case, however, we find the sentencing question to be, in reality, a question of the admission of evidence. This is because the objections to the prior convictions arose before the sentencing phase of the trial. The issue of the prior convictions did not come up again in the actual sentencing phase of the proceedings, and the court unquestionably imposed a sentence within the guidelines set forth in Miss.Code Ann. § 63-11-30(2)(c), which allows a range of sentences from one year to five years. But the fact that the issue of the prior convictions did not come up in the sentencing phase in this case is not unusual, as the question of the number of prior convictions under Miss. Code Ann. § 63-11-30 generally precedes the question of sentencing and determines the range of sentences available to be imposed. Rigby v. State, 826 So.2d 694, 699(¶ 6) (Miss.2002).
¶ 12. This is because the number of prior convictions determines which subsection of Miss.Code Ann. § 63-11-30 applies, and each pertinent subsection of Miss. Code Ann. § 63-11-30 contains a range of sentences and fines that may be imposed for violation of that particular subsection. Thus, if the trial court had refused to allow the first abstract of conviction into evidence, then Watkins could not have been sentenced as he was under Miss.Code Ann. § 63-11-30(2)(c); rather, he would have had to have been sentenced for DUI second under Miss.Code Ann. § 63-11-30(2)(b), since, in that event the State would only have proven one prior DUI conviction. If that had been the case, the sentence imposed would fall outside of the statutory guidelines set forth in Miss.Code Ann. § 63-11-30(2)(b), which allows a range of sentences from five days to one year.
¶ 13. But the trial court below admitted both of the abstracts of conviction evidencing Watkins's prior convictions, which made the relevant subsection Miss.Code Ann. § 63-11-30(2)(c), the subsection dealing with a third DUI offense within five years. As noted above, the trial court imposed a sentence directly out of that subsection. Given this circumstance and given Watkins's stipulation to the validity and admissibility of the abstract of the second DUI conviction, the dispositive issue in this case becomes the admission of the abstract of the first DUI conviction.
¶ 14. Since, then, the primary issue in this case is the admission of evidence, our standard of review is abuse of discretion. Gibson v. Wright, 870 So.2d 1250, 1258(¶ 28) (Miss.Ct.App.2004). When we find there to have been an abuse of discretion, we still "will not reverse an erroneous admission or exclusion of evidence unless the error adversely affects a substantial right of a party." Id. Thus, employing this *595 standard, we examine the trial court's ruling for abuse of discretion, and if we find an abuse of discretion we then inquire into the effect, if any, the ruling had on a substantial right of the party. Id.

DISCUSSION
¶ 15. We find the case of Rigby v. State, cited above, to be directly applicable to the arguments presented by both of the parties. The Rigby court, after cataloging general approaches to this issue used in other states, held:
All other states [other than those previously discussed] who have considered this issue view prior convictions as sentence enhancing factors, and thus bifurcation occurs between the guilt and sentencing phases. Bifurcated trials conducted by judges at sentencing only presents a workable solution to this problem, but only where the states involved have statutes that clearly set out prior DUI convictions as sentencing enhancing factors. That is not the fact in the case at bar. In Mississippi, the issue of prior DUIs is clearly an element of the offense required to be proven to the jury.

Rigby, 826 So.2d at 701(¶ 12) (emphasis added).
¶ 16. Two other helpful cases in this regard are Ward v. State, 881 So.2d 316 (Miss.Ct.App.2004), and Weaver v. State, 713 So.2d 860 (Miss.1997). In Ward, this Court, citing Rigby, held that "[P]rior DUI convictions are necessary elements of felony DUI. . . ." Ward, 881 So.2d at 320(¶ 18). In Weaver, the Mississippi Supreme Court held, "Finally, the trial judge properly admitted the evidence of Weaver's two prior DUI convictions. They were necessary elements of the Felony DUI for which he was charged in the case sub judice." Weaver, 713 So.2d at 865(¶ 35). Therefore, based upon these authorities, in Mississippi prior convictions are necessary elements of the crime of felony DUI, not merely sentence enhancement factors, and, based upon these authorities, it appears that the trial court did not err in admitting the abstract of Watkins's first DUI conviction.
¶ 17. But Watkins argues that in the case sub judice the first conviction should not have been used to make this his third conviction, because under Nichols v. United States, 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994), and Ghoston v. State, 645 So.2d 936 (Miss.1994), an uncounseled misdemeanor conviction that results in jail time can not be used to enhance a sentence for a subsequent conviction.
¶ 18. We find Watkins's citations to Nichols and Ghoston to be misplaced, given the facts in the case sub judice and the holdings of Rigby, Ward, and Weaver, discussed briefly above. The Nichols case, in the main, revolved around federal sentencing guidelines that use prior misdemeanor convictions to increase the possible range of sentences that may be imposed for a subsequent conviction. Nichols, 511 U.S. at 740, 114 S.Ct. 1921. In addition, the particular crime involved in Nichols was conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. Id. Thus, the facts and legal issues involved in Nichols are clearly distinguishable from the facts and legal issues involved in the case sub judice.
¶ 19. In the case sub judice, the underlying crime is itself a felony, and prior DUI convictions are necessary elements of the crime, not merely enhancement factors for sentencing purposes. Rigby, 826 So.2d at 699(¶ 6); Ward, 881 So.2d at 320(¶ 18); Weaver, 713 So.2d at 865(¶ 35). Thus, we find Watkins's argument from Nichols and Ghoston to be misplaced.
*596 ¶ 20. Moreover, even if Watkins's argument from Nichols and Ghoston were correct, we find that Watkins did not prove that the rules announced in those two cases were applicable to the present case. In fact, one aspect of the holding in Ghoston argues against Watkins's position. This aspect of the Ghoston case involves the presumption of validity of abstracts of conviction.
¶ 21. But before discussing this aspect of the Ghoston case, we think it is important to note two aspects of Mississippi law on this subject. First, certified abstracts of conviction may be used to prove prior convictions. In this regard we have held, "Abstracts of court records, when properly certified, are clearly allowed to prove prior convictions." McIlwain v. State, 700 So.2d 586, 589(¶ 14) (Miss.1997). The abstracts in question in the present case were properly certified; therefore, it was permissible for them to be used, as they were, to prove Watkins's prior convictions. Second, the fact that the prior convictions occurred out-of-state does not affect their validity or applicability in Mississippi. Atwell v. State, 848 So.2d 190, 192(¶ 8) (Miss.Ct.App.2003).
¶ 22. Having noted those two aspects of Mississippi law, we now turn to discuss the presumption of validity that attaches to certified abstracts of conviction. In order for the trial court to question the validity or the underlying particulars of the abstract of conviction, evidence must be presented to show that there were defects or irregularities in the proceedings that led to the conviction represented in the abstract. Ghoston, 645 So.2d at 939. This is because, as the Ghoston case makes plain, a presumption of validity attaches to certified abstracts introduced for the purpose of proving prior convictions. Id.
¶ 23. Yet, while the McIlwain case makes it clear that certified abstracts of conviction can be used to prove that a defendant has a prior conviction and while the Ghoston case makes it clear that a presumption of validity attaches to certified abstracts of conviction, depending upon their form and content, those abstracts may or may not be reliable indicators of certain relevant facts underlying the convictions they represent. Thus, in regard to the underlying facts of abstracts of conviction, the Ghoston court held that unsupported factual assertions are not sufficient to rebut the presumption of validity. Id. In order to rebut the presumption of validity, defendants must put on evidence to support their factual assertions. Id.
¶ 24. What that means in the present case is that, in order to have prompted the court to question the admissibility of his first conviction, Watkins would have had to put on evidence that his first DUI conviction was indeed uncounseled and that he spent time in jail as a result of this conviction. Ghoston, 645 So.2d at 938-39. The record reveals that Watkins failed to put on any such evidence. Instead, he relied upon assertions supported only by what his counsel declared to be clear from the face of the abstract of conviction. We have reviewed the particular abstract in question and, contrary to Watkins's assertions, we do not find it clear from the face of the abstract that Watkins lacked representation and served jail time for this first conviction.
¶ 25. The abstract of the first conviction gives only the minimum of information necessary to show a prior conviction out-of-state and, while certainly admissible to prove a prior conviction, is inconclusive at best as to the question of lack of representation or the serving of jail time. Whether abstracts of judgments from Georgia should or should not contain certain information regarding lack of representation or the serving of jail time, we do not here *597 decide. We do, however, find that Watkins did know (a) that he had this prior conviction, and (b) that he was being indicted for DUI, third offense, in the present case (meaning that Watkins knew the State planned to bring up his prior convictions). Thus, being on notice, he had the opportunity to investigate and re-acquaint himself with the particulars of this prior conviction, but he failed to do so. Ghoston, 645 So.2d at 939-40. As previously noted, instead of gathering the necessary evidence to support his factual assertions, he relied on a rather tenuous argument based solely upon what he urged was apparent from the face of the abstract of conviction.
¶ 26. This was not sufficient to overcome the presumption of validity or to show that Watkins's assertions about his first DUI conviction were correct. Therefore, we find that, even if we accept for argument's sake Watkins's analysis of Nichols and Ghoston, we still find that Watkins's assignment of error lacks merit. This is because he failed to offer any proof of his assertions about the abstract of his first conviction that might have triggered the applicability of Nichols and Ghoston. As already noted, under Ghoston itself, this failure renders Watkins's argument meritless. Id. But, we note again that we do not find that Watkins's analysis of Nichols and Ghoston is correct; rather, we have simply pointed out that, even if we were to accept Watkins's analysis of Nichols and Ghoston, Watkins still failed to prove that his first DUI conviction was uncounseled and resulted in jail time. Therefore, Nichols and Ghoston are inapplicable to this case.
¶ 27. Finally, we find that Watkins's assignment of error, in addition to the problems discussed above, lacks merit by its own terms, because the issue of the prior convictions was not raised in the "sentencing phase," as the issue states. The question of the prior convictions was brought up and argued during the process of selecting jury instructions. After this initial engagement of the issue with the court and the State, Watkins failed to raise the issue again at the sentencing phase. Indeed, the transcript of the sentencing hearing demonstrates that Watkins made no arguments from Nichols or Ghoston at the time of sentencing, nor did he make any further objection to Watkins being sentenced for a third offense. This circumstance, in addition to the discussion above, leads us to conclude that Watkins's assignment of error is without merit.
¶ 28. Therefore, we find that the circuit court did not commit reversible error in sentencing Watkins for DUI, third offense.
¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE, THIRD OFFENSE, AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR YEARS SUSPENDED, LEAVING ONE YEAR TO SERVE, WITH SIX MONTHS OF THAT ONE YEAR TO BE SERVED IN THE LEAKE COUNTY JAIL, AND THE REMAINING SIX MONTHS OF THAT YEAR TO BE DETERMINED BY THE CIRCUIT COURT AT A LATER DATE; FINE OF $5,000; AND PROBATION FOR FOUR YEARS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES, AND ISHEE, JJ. CONCUR. IRVING, J., CONCURS IN RESULT ONLY.