MYERS, P.J.,
Dissenting:
¶20. I respectfully disagree with the majority opinion and would affirm Smith’s conviction of felony DUI, third offense. The majority interprets a portion of our DUI statute, Mississippi Code Annotated section 63-ll-30(2)(c) (Rev.2004), to require that two previous DUI arrests, rather than convictions, are required to have occurred within a five year period of the third DUI arrest to subject the defendant to the charge of felony DUI. I would interpret our implied-consent law to require that a defendant have two prior DUI convictions occur within five years of the charge of the third DUI, rather than require that the dates of arrests occur within a five year period of the third DUI charge, in order to subject a defendant to the elevated felony DUI charge. My opinion is based upon review of the applicable statute, as well as numerous opinions of the Mississippi Supreme Court and this Court that address the necessary elements' required to prove felony DUI.
¶ 21. The language of the statute that the majority relies upon in formulating its opinion reads in pertinent part, “for any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony.” Miss.Code Ann. § 63-ll-30(2)(c) (emphasis added). While we note that, at first glance, the term “offenses” appears to indicate the dates of the actual previous DÜI arrests, further construction of the statute makes clear that the term “offenses” in this subsection is used to modify the term “conviction.” The statute references the phrase “offenses being committed,” but legally there is no judicial statement of a defendant having “committed” the offense until there is a conviction. Thus, it is clear that an element of the charge of felony DUI requires two previous convictions, rather than just arrests, be shown to prove felony DUI. Furthermore, a review of Mississippi Code Annotated section 63-11-30(8) instructs the application of our implied-consent law for the purposes of sentencing a felony DUI. The subsection reads in pertinent part,
For the purposes of determining how to impose the sentence for a second, third or subsequent conviction under this section, the indictment shall not be required to enumerate previous convictions. It shall only be necessary that the indictment state the number of times that the defendant has been convicted and sentenced within the past five (5) years under this section to determine if an enhanced penalty shall be imposed.
Miss.Code Ann. § 63-11-30(8) (emphasis added). There is no mention in this sub *1062 section of the necessity of proving a requisite number of previous arrests for DUI. The language is clear within this portion of the statute that the previous DUI convictions and sentences are required to be included in the indictment as a necessary element of felony DUI, third offense.
¶22. Furthermore, while our courts have never directly addressed the issue of this case precisely, case law discussion in other contexts regarding our implied-eon-sent law has consistently stated that prior convictions are the measuring elements in determining whether one may be properly charged with felony DUI. See Ostrander v. State, 803 So.2d 1172, 1175 (¶¶ 8-9) (Miss.2002) (discussing the holdings of three felony DUI cases, stating that “a prior conviction is a necessary element of the underlying charge” and holding that “a prior DUI conviction is a necessary element of a DUI second offense”) (emphases added); Rigby v. State, 826 So.2d 694, 702(¶ 6) (Miss.2002) (stating that “[p]rior DUI convictions are elements of a felony DUI charge and are required to be submitted to a jury”) (emphasis added); Williams v. State, 708 So.2d 1358, 1362 (Miss.1998) (addressing an argument regarding an indictment, stating “the underlying prior convictions that raised his third offense DUI to a felony charge”) (emphasis added); Weaver v. State, 713 So.2d 860, 865 (Miss.1997) (holding that “the State had the burden of proving the [defendant’s] two prior convictions in order to obtain the Felony DUI conviction”) (emphasis added); McIlwain v. State, 700 So.2d 586, 589 (Miss.1997) (quoting Benson v. State, 551 So.2d 188, 196 (Miss.1989)) (discussing the requirements of an indictment charging felony DUI, stating “the indictment must still ‘supply enough information to the defendant to identify with certainty the prior convictions relied upon by the State for enhanced punishment’ ”) (emphasis added); Dove v. State, 912 So.2d 1091, 1093(¶ 11) (Miss.Ct.App.2005) (finding it necessary for the State to produce evidence of the defendant’s prior DUI convictions in order to secure a felony DUI conviction); Ward v. State, 881 So.2d 316, 320(¶ 18) (Miss.Ct.App.2004) (stating “pri- or DUI convictions are necessary elements of felony DUI”) (emphasis added); Atwell v. State, 848 So.2d 190, 192(¶ 7) (Miss.Ct.App.2003) (interpreting Miss. Code Ann. § 63-ll-30(2)(c), stating “[i]t is not required that the predicate convictions be felonies, only that they be convictions for driving under the influence within the past five years”) (emphasis added).
¶ 23. This Court has made it clear that prior convictions are a necessary element which must be proven in order to obtain a conviction on a felony DUI in Smith v. State, 736 So.2d 381 (Miss.Ct.App.1999) and in Watkins v. State, 910 So.2d 591 (Miss.Ct.App.2005). In Smith, we differentiated the crimes of first offense, second offense, and third offense felony DUI by stating “[t]he crime of felony DUI requires a third or subsequent charge of DUI together with two previous DUI convictions within a period of five years.” Id. at (¶ 6) (citing Miss.Code Ann. § 63-ll-30(2)(c) (Rev.1996)) (emphasis added). We later explained in Watkins the sentencing procedure for conviction of a third DUI, stating “the question of the number of prior convictions under Miss.Code Ann. § 63-11-30 generally precedes the question of sentencing and determines the range of sentences available to be imposed.” Watkins, 910 So.2d at (¶ 11) (emphasis added) “[T]he number of prior convictions determines which subsection of Miss.Code Ann. § 63-11-30 applies.” Id. (emphasis added).
¶ 24. Moreover, the DUI statute has been interpreted by this Court in Arnold v. State, where we found that “the statutory language provides that there must be *1063 three convictions within five years.” 809 So.2d 753, 757(¶11) (Miss.Ct.App.2002) (emphasis added). In this case, “[w]e read the statute to say that any third conviction of the crime of driving under the influence under Miss.Code Ann. § 63-11-30(1) (Rev.1996), may be sentenced as a felony charge.” Id. (emphasis added). We stated “[t]here is nothing in the statute that we interpret to mandate that the convictions be labeled, literally, as a ‘first offense,’ followed by a ‘second offense,’ followed by a ‘third offense.’ ” Id. (emphasis added). We went on further to discuss our decision in McIlwain v. State, 700 So.2d 586, 589 (Miss.1997), stating “the court ruled that ‘it is only necessary that the defendant have been convicted of [the] previous offenses ... it is irrelevant whether Mcllwain had been charged with a D.U.I. First and a D.U.I. Second.’ ” Id. (emphasis added).
¶ 25. In light of the language of Mississippi Code Annotated section 63-11-30(8), as well as the overwhelmingly vast amount of related case law we have before us interpreting our DUI statute to require previous convictions as a, predicate to a charge of felony DUI, I must dissent from the majority opinion. The implied-consent statute, as it pertains to a charge of felony DUI, creates a prerequisite that the two prior DUI convictions, occurring either through a finding of guilt or the entry of a guilty plea, precede the commission of the principal offense within five years in order to enhance the charge to felony status under the DUI statute. Smith was twice convicted of DUI, in March of 2000 and September of 2002, before he was charged a with a third violation of the DUI statute in November of 2004. The dates of his two previous DUI convictions fell within five years of the third DUI charge. He, therefore, was subject to conviction of third offense felony DUI. Mississippi Code Annotated section 63-11-30 necessarily contemplates that a defendant must be found guilty or must plead guilty on two occasions prior to the commission of a third DUI before the State may bring a charge for felony DUI. To hold otherwise, I think, is contrary to the language of the statute, as well as contrary to the findings of a vast number of cases of the Mississippi Supreme Court and this Court.
CARLTON, J., JOINS THIS OPINION.