# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00861-COA

DAVID E. LYONS A/K/A DAVID EARL LYONS          APPELLANT
A/K/A DAVID LYONS A/K/A "FOX"

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/03/2014 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE M. MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | J. TRENT KELLY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF DRIVING UNDER THE INFLUENCE, THIRD OFFENSE, AND SENTENCED AS A HABITUAL OFFENDER TO FIVE YEARS DAY-FOR-DAY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 07/26/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND FAIR, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1. In 2014, after a trial on the merits, David Lyons was convicted in the Monroe County Circuit Court of felony driving under the influence (DUI). Since the conviction served as Lyons's third DUI offense, he was deemed a habitual offender. The circuit judge sentenced Lyons to five years day-for-day in the custody of the Mississippi Department of Corrections

(MDOC). Lyons filed a motion for a new trial or, in the alternative, a judgment notwithstanding the verdict (JNOV), which was denied. Aggrieved, Lyons appeals. Finding no error, we affirm.

**STATEMENT OF FACTS**

¶2. On June 17, 2012, Lyons was operating a vehicle in Monroe County, Mississippi, when he was pulled over by Mississippi Highway Patrol Officer Josh Jarvis. Officer Jarvis initiated the traffic stop after observing Lyons swerving in the road. Officer Jarvis stated that he detected a strong odor of alcohol emanating from Lyons's vehicle and person. He also noted that Lyons's eyes were bloodshot and his speech was slurred. Based on these observations, Officer Jarvis arrested Lyons for DUI. A search of Lyons's vehicle resulted in the discovery of an unopened beer can. Lyons was then charged with possession of alcohol in a dry county.

¶3. After arriving at the Monroe County Sheriff's Department, Officer Jarvis administered the Intoxilyzer 8000 breath-alcohol test on Lyons. Lyons blew into the machine twice. The first reading reflected a blood-alcohol content of 0.140. The second reading reflected a blood-alcohol content of 0.132. A review of Lyons's criminal record showed two prior DUI charges stemming from incidents occurring in February and April 2012. Since the instant DUI charge was Lyons's third, he was charged with felony DUI as a habitual offender.

¶4. A trial was held in June 2014. Prior to the trial, motions were filed by Lyons and his counsel seeking to dismiss the charges against him and to exclude his prior DUI convictions as evidence. In support of the latter argument, Lyons averred that he was not afforded

2

counsel for the prior convictions and that the waivers of his right to counsel for the prior offenses were invalid. The motion was denied, and the case proceeded to trial.

¶5. Officer Jarvis and Lyons testified at the trial. Lyons's testimony centered around his assertion that his blood-alcohol content could not have been as high as the Intoxilyzer 8000 indicated. Nonetheless, the jury ultimately returned a verdict of guilty. Lyons was sentenced to five years day-for-day in the custody of the MDOC. Lyons filed a motion for a new trial and JNOV, which was denied.

¶6. On appeal, Lyons claims that the circuit court erred in its use of court abstracts of Lyons's prior DUI convictions. Lyons also asserts that the circuit court did not have jurisdiction over his case; the State committed misconduct regarding the court abstracts of his prior DUIs during trial; and he received ineffective assistance of counsel.

## DISCUSSION

### I. Use of Prior DUI Convictions

¶7. It is well settled that "in Mississippi[,] prior convictions are necessary elements of the crime of felony DUI." *Ward v. State*, 881 So. 2d 316, 320 (¶18) (Miss. Ct. App. 2004). Furthermore, "[a]bstracts of court records, when properly certified, are clearly allowed to prove prior convictions." *Watkins v. State*, 910 So. 2d 591, 595 (¶21) (Miss. Ct. App. 2005) (citing *McIlwain v. State*, 700 So. 2d 586, 589 (¶14) (Miss. 1997)). Hence, it is not erroneous for a circuit court to admit abstracts of prior DUI convictions in support of a felony DUI charge. *Id*.

¶8. It is uncontested that the abstracts used in the instant case were certified. Since

3

establishing prior convictions was necessary in order to charge Lyons with felony DUI, the circuit court did not err in admitting the abstracts in question.

¶9.     Nonetheless, Lyons insists that because he did not have the benefit of counsel for the prior two DUI convictions, the convictions are invalid and, thus, not a proper basis for his felony DUI charge. Specifically, Lyons references our prior holding that "an uncounseled misdemeanor conviction that results in jail time cannot be used to enhance a sentence for a subsequent conviction." *Watkins*, 910 So. 2d at 595 (¶17); *see also Nichols v. United States*, 511 U.S. 738, 748 (1994); *Ghoston v. State*, 645 So. 2d 936, 938 (Miss. 1994). Lyons further asserts that by filing a motion challenging the admissibility of the abstracts, the burden shifted to the State to prove that his constitutional rights were not violated during the prior two convictions.

¶10.    The Mississippi Supreme Court has clearly stated that a defendant challenging use of a prior conviction under Lyons's theory must "put on evidence that his [prior] DUI conviction was uncounseled and that he spent time in jail as a result of this conviction." *Watkins*, 910 So. 2d at 596 (¶24) (citing *Ghoston*, 645 So. 2d at 938-39). "[U]nsupported factual assertions are not sufficient to rebut the presumption of validity . . . ." *Id*.

¶11.    Lyons only offered his pretrial motions in support of his claim that his prior DUI convictions were invalid. He did not offer any evidence at the pretrial hearing or during the trial to contest the validity of the abstracts, nor did he object to their admission at trial. Further, the abstracts reflect that Lyons signed a waiver of counsel for one DUI charge and then refused to sign a waiver of counsel for the other charge despite being advised of his

rights. Moreover, no jail time was assessed to Lyons for either of the prior DUI convictions. As such, Lyons has failed to prove that his prior DUI convictions are invalid. Likewise, there is no evidence in the record supporting Lyons's contention that the circuit court improperly admitted and used the abstracts in its determination that Lyons should be charged with felony DUI. This issue is without merit.

## II. Subject-Matter Jurisdiction

¶12. In his pro se brief, Lyons essentially argues that the circuit court did not have subject-matter jurisdiction over his felony DUI charge. In sum, Lyons asserts that because his traffic ticket on the DUI ordered him to appear at an arraignment before the Monroe County Justice Court, his case was never properly transferred to the circuit court. Lyons's claims are misplaced.

¶13. On August 13, 2012, Lyons was indicted by a grand jury for felony DUI. The indictment vested jurisdiction of the matter solely with the circuit court, not the justice court. "Justice courts have jurisdiction over misdemeanors, not felonies." *Levario v. State*, 90 So. 3d 608, 611 (¶9) (Miss. 2012) (citing Miss. Code Ann. § 99-33-1(2) (Rev. 2015)). Hence, there is no doubt that the circuit court properly retained subject-matter jurisdiction over this matter.

¶14. Lyons also asserts that he was improperly denied a preliminary hearing after his indictment was issued from the grand jury. Nonetheless, the supreme court has clearly stated that "once a defendant has been indicted by a grand jury, the right to a preliminary hearing is deemed waived." *Shields v. State*, 702 So. 2d 380, 383 (Miss. 1997) (citation omitted).

5

As such, Lyons's arguments are meritless.

### III. Prosecutorial Misconduct

¶15. Next, Lyons claims that the State commented untruthfully regarding Lyons's prior DUI convictions. Lyons argues that the State lied when it told the circuit court that the waivers contained in the abstracts reflected that Lyons either properly signed them or refused to sign them. Specifically, Lyons challenges the following dialogue:

| | |
|---|---|
| Court: | Does the State have waivers that they intend to introduce at trial? |
| State: | It does, your Honor. |
| Court: | And did [Lyons] either sign off on them or refuse to sign off on the waivers in prior DUIs? |
| State: | That's correct, your Honor. |
| Court: | So this part is not correct when [Lyons] makes the statement there is no valid waiver. Is that the State's contention? |
| State: | The State would certainly argue that that is an incorrect statement. |
| Court: | And the evidence will show that it does? |
| State: | Yes, your Honor. |
| Court: | Very well. The motion will be denied as filed by the defendant. |

¶16. There is no evidence before us that the State acted deceptively when it informed the circuit court that the waivers were either validly signed or that Lyons refused to sign them. Rather, the State's assertions are adequately supported by the record. The abstracts show that Lyons signed one waiver of counsel and refused to sign another while simultaneously

6

refusing to accept or retain counsel for himself. The two DUI convictions were properly placed before the circuit court without any indication that either involved an infringement on Lyons's rights. This issue is meritless.

### IV.    Ineffective Assistance of Counsel

¶17.    Finally, Lyons claims that his counsel was ineffective. However, it is well settled that "when a party raises an ineffective[-]assistance[-]of[-]counsel claim on direct appeal, the proper resolution is to deny relief without prejudice to the defendant's right to assert the same claim in a post-conviction-relief proceeding." *Trotter v. State*, 9 So. 3d 402, 411 (¶23) (Miss. Ct. App. 2008) (citation omitted). As such, we decline to address the merits of Lyons's ineffective-assistance-of-counsel claim.

¶18.    **THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, THIRD OFFENSE, AND SENTENCE AS A HABITUAL OFFENDER OF FIVE YEARS, TO BE SERVED DAY-TO-DAY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY A FINE OF $2,000, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**